WILLIAM C. BROWNING ET AL. v. JOHN B. CROUSE.

*Estoppel by waiver—Tender.*

Where a creditor entitled to certain payments at stated periods does not receive them accordingly but is paid irregularly, and after calling attention to the irregularity, receives further payments in the same way, but without objection, he has waived his right to insist that the terms should have been strictly complied with.

Objection to the mode of tender must be made at the time of the tender.

A tender does not remain in force if the payment is refused and received back.

A debtor compromised with his creditors, but as he paid the amount of the compromise irregularly, the creditors refused the last tender and sued for the whole debt. Defendant, having paid part and tendered the rest of the amount agreed on, recovered judgment. The tender, however, had not been kept good. *Held* that the recovery was wrong, and that plaintiffs should have recovered the amount owing under the compromise agreement, with costs.

Error to Superior Court of Detroit. Submitted January 16. Decided January 31.

ASSUMPSIT. Plaintiffs bring error.

*Edwards & Chambers* for plaintiffs in error. To constitute lawful tender, the money must be actually produced unless the creditor dispenses with it, as by saying that he would not accept it, *Bakeman v. Pooler*, 15 Wend., 637; notice of tender must contain a proffer in court of the money tendered, or it will be treated as a nullity, and notice must be given at the time of serving the plea. *Sheridan v. Smith*, 2 Hill, 538; *Eddy v. O'Hara*, 14 Wend., 221; if payment into court is not made with the notice, the tender will not avail, *Wilder v. Seelye*, 8 Barb., 408; *Moynahan v. Moore*, 9 Mich., 10; tender must be made properly and kept good, and the money must be ready and available, *Kortright v. Cady*, 23 Barb., 490; *Eslow v. Mitchell*, 26 Mich., 503; it must be present, absolute and unconditional, *Potts v. Plaisted*, 30 Mich., 149.

*Griffin & Dickinson* for defendant in error.     Where there is anything in the transaction of a compromise that can be treated as a new consideration, or where, by a mode or time of part payment variant from that provided for in the contract, a new benefit is or may be conferred or burden imposed, a new consideration arises out of the transaction; an agreement for the payment of part in satisfaction of the whole is valid, and constitutes a new contract which extinguishes the former one, *Rose v. Hall,* 26 Conn., 392; *Smith v. Brown,* 3 Hawks (N. C.), 580; *Jones v. Bullitt,* 2 Litt. (Ky.), 49; *Fenwick v. Phillips,* 3 Met. (Ky.), 87; *Brooks v. White,* 2 Metc., 283; *Goodnow v. Smith,* 18 Pick., 414; *Jones v. Perkins,* 29 Miss., 139; a secured promise to pay a smaller sum than is due, is a compromise extinguishing the original debt by way of accord and satisfaction, *Reed v. Bartlett,* 19 Pick., 273; *Lee v. Oppenheimer,* 32 Me., 253; *Colburn v. Gould,* 1 N. H., 279; *Kellogg v. Richards,* 14 Wend., 116; *Boyd v. Hitchcock,* 20 Johns., 76; *Bowker v. Harris,* 30 Vt., 424; *Steinman v. Magnus,* 11 East, 390; *Keeler v. Salisbury,* 33 N. Y., 648; *Warren v. Skinner,* 20 Conn., 561; *Evans v. Powis,* 1 M. H. & G., 601; *Good v. Cheeseman,* 2 B. & Ad., 328; *Watkinson v. Inglesby,* 5 Johns., 386; the time of performance or payment does not, consequently, affect the case, but as to waiver in the matter of time see *Conkling v. King,* 10 Barb., 373; *Jennings v. Mendenhall,* 7 Ohio St., 257; *Haines v. Tucker,* 50 N. H., 307.

COOLEY, J.   In December, 1875, Crouse was indebted to the plaintiffs in the sum of $1,131.50, and was also indebted to others beyond his ability to make full payment.  Under these circumstances he made to his creditors a proposition for a compromise, the substance of which was that he should pay fifty per centum of his debts and be discharged from the payment of the remainder.  A certain sum was to be paid immediately, and for the remainder secured notes were to be given at three,

six and nine months, with interest. The method of security was agreed upon, but we need not give the particulars here. Plaintiffs accepted the proposition December 13, 1875, on condition that they were to receive their proportion free from any expense, and to retain possession of the notes evidencing their claim until the compromise sum was paid.

The compromise proposition of Crouse was not in all particulars carried out by him to the letter, but plaintiffs received two small payments on their proportion without any objection. In May, 1876, the attorneys for Crouse made a further small payment which plaintiffs received, but at the same time called attention to the fact that the terms of the compromise were not being strictly complied with. The payments then amounted to only twenty-five per centum of their claims, when they should have received by that time thirty-three and a third per centum, and they had not received secured notes or any payment of interest. June 5, 1876, another small payment was made to them and six days later still another, both of which were received without objection. Sept. 22, 1877, the attorneys for Crouse sent to plaintiffs their check for $284.89, which was the balance of the fifty per centum, including interest, but plaintiffs refused to receive it and returned the check. The present suit was then brought upon the original indebtedness. The declaration contained the common counts only.

The reason assigned for declining the final payment is the failure on the part of Crouse to comply with the terms of his proposition. The facts above recited show that strict compliance had never been insisted upon, and that although attention was called in May, 1876, to the fact that the terms of the compromise agreement were being departed from, yet two payments were subsequently received without objection. At that time it is plain that plaintiffs would be held to have waived a right to insist upon strict compliance, and the subsequent delay was not considerable. The offer of final payment was made

before the expiration of nineteen months from the date of the compromise, and if payment of what remained of the fifty per cent. had then been legally tendered, the plaintiffs, under the circumstances, would not have been at liberty to treat the compromise as having been abandoned.

A formal tender of payment was not made, but a check was sent which the plaintiffs were at liberty to receive or reject at their option. They chose to return it, but there is no pretense that they did so because they objected to that mode of payment. Indeed the previous payments had been made in the same way, and been received without objection. Plaintiffs are therefore not in position to insist upon the failure to offer payment in money as a failure to complete or offer to complete the compromise. But on the other hand, defendant is in no position to claim the benefit of a formal tender as a bar to the action, for his attorneys received back their check, and nothing was done afterwards which would have kept good a formal tender if one had been made.

The action proceeded to a trial, and plaintiffs had judgment for the amount of their original demand, after deducting the payments which had been made under the compromise. The court, however, set aside this recovery and granted a new trial on certain conditions, one of which was. that defendant bring into court the sum of $284.89, the amount to which plaintiffs were then entitled under the compromise. The money was paid into court in compliance with this order, and a new trial was had.

On the second trial the defendant had judgment. From what has already been said, it appears that he would have been entitled to this judgment had the $284.89 been tendered by him to the plaintiffs, and the tender been afterwards kept good by bringing the money into court. But no tender had been made, and no money had voluntarily been brought by him into court. Moreover, the order requiring the $284.89 to be brought into court, did not place it at the disposal of the plaintiffs, and the recovery, if allowed to stand, would be conclu-

sive that they are not entitled to it. The recovery is consequently erroneous. Plaintiffs should have had judgment for the amount owing under the compromise agreement, and for costs of suit.

The judgment must be reversed with costs and a new trial ordered. As this opinion covers the whole case, the parties will probably be able to dispose of it without further litigation.

The other Justices concurred.