PEOPLE, *for use of* ZEELAND BRICK CO., *v.* FIDELITY & DEPOSIT CO.

1. ACCORD AND SATISFACTION—PAYMENT—COMPROMISE.
    Where less than the full amount of a past-due liquidated and undisputed debt is paid, such payment is only to be treated as a partial payment and does not estop the creditor from suing for and recovering the balance, even though such payment was accepted and receipted for as in full satisfaction.

2. SAME—COMPROMISE—PART PAYMENT—ACCEPTANCE—ESTOPPEL.
    Where a creditor filed with the surety of the debtor for settlement a claim as due the creditor from the debtor, including a certain note for a part of the debt taken by the creditor from the debtor, the amount of which note the surety deducted from the claim as not within the

surety's liability and paid the balance of the claim, which the creditor accepted and receipted for as in full satisfaction, *held*, that such claim as filed by the creditor was not, at the time it was paid, "past due, liquidated, and undisputed," and the settlement made is binding upon the creditor, barring action for the part of the claim deducted.

Error to Ottawa; Cross, J. Submitted January 4, 1917. (Docket No. 35.)  Decided April 9, 1917.

Assumpsit by the People of the State of Michigan for the use and benefit of the Zeeland Brick Company against the Fidelity & Deposit Company of Maryland and others on a surety bond. Judgment for plaintiff. Defendant Fidelity & Deposit Company brings error. Reversed and no new trial ordered.

*Donnelly, Lyster & Munro,* for appellant.

*Jarrett N. Clark,* for appellee.

On October 8, 1909, George Rickman Sons Company, a corporation, entered into a written contract with the city of Holland for the erection of a city hall. On October 12, 1909, George Rickman Sons Company, as principal, and the defendant the Fidelity & Deposit Company, as surety, executed a bond to the people of the State of Michigan, conditioned upon the payment by said George Rickman Sons Company "of all indebtedness which may arise from said contractor to a subcontractor, or party performing labor or furnishing material, * * * in the erection, repairing or ornamentation of such building." During the years 1909 and 1910, the Zeeland Brick Company, for whose use and benefit the present action was brought, furnished to George Rickman Sons Company certain material, which was not wholly paid for by said George Rickman Sons Company. On September 27, 1910, and before said building was completed, said

George Rickman Sons Company became insolvent, and a receiver was appointed. On June 12, 1910, prior to said insolvency, the Zeeland Brick Company had accepted a note in the sum of $1,000 from George Rickman Sons Company, which note was unpaid at the time George Rickman Sons Company became insolvent. The balance due from George Rickman Sons Company, including said note as of June 13, 1911, was $2,444.95. On that day the Zeeland Brick Company wrote to the defendant the Fidelity & Deposit Company as follows:

"FIDELITY & DEPOSIT CO.,
    "Baltimore, Maryland.
*"Gentlemen:*
    "We understand from Mr. Rickman of the George Rickman Sons Co. that you are paying bills on account of the Holland City Hall job and has asked us to send our statement to you for payment. We herewith inclose the statement and would be pleased to hear from you at an early date.

"Yours truly,
                    "ZEELAND BRICK CO.,
                        "G. Veneklasen, Sec'y."

With this letter was inclosed a statement of account, showing balance as above stated. The defendant Fidelity & Deposit Company sent the following letter in reply:

"June 17, 1911.
"George Rickman Sons Company—Holland Contract
            —Zeeland Brick Company.
"ZEELAND BRICK COMPANY,
    "Zeeland, Michigan.
    *"Gentlemen:* We are in receipt of your letter of the 13th inst., inclosing statement of your account with George Rickman Sons Company for material furnished and used in connection with the contract for the Holland City Hall Building.
    "The information given you by Mr. Arthur W. Rickman is correct in that this company under the

penal bond executed on behalf of George Rickman Sons Company did undertake to guarantee the payment by the contractors, of all subcontractors, materialmen and laborers.

"After inspecting the account there is some confusion in our minds regarding the number of notes which were given you by George Rickman Sons Company and it would assist us in our investigation of the matter if you would state the number of notes given you by George Rickman Sons Company to be applied on this contract for material furnished for the Holland City Hall Building, together with the amount of each note and the dates thereof. Upon the receipt of this further information regarding the notes we will proceed to make our usual investigation and will advise you of our decision in the course of ten days or two weeks.

"The account will have to be submitted to the Michigan Trust Company and by them to Mr. Arthur W. Rickman for his approval. Please understand that until we have made this investigation we cannot admit liability and this letter is written with a full reservation of all our rights.

"Very truly yours,
"T. W. GAMBRILL, Counsel."

The Zeeland Brick Company on the 20th day of June answered this communication, with a further statement showing that it had in its possession but one note of the George Rickman Sons Company in the sum of $1,000, and that it had paid upon the first renewal thereof the sum of $7.50 and upon the second renewal thereof the sum of $4.33 as interest. Upon receipt of this communication defendant the Fidelity & Deposit Company wrote the following letter:

"June 23, 1911.
"George Rickman Sons Company—Holland Contract
—Zeeland Brick Co.
"ZEELAND BRICK COMPANY,
"Zeeland, Michigan.
"*Gentlemen:* We are in receipt of your letter of the 20th inst., contents of which we note.
"In arriving at the amount for which this company

would be liable under the penal bond for the payment of subcontractors, materialmen and laborers, there should be deducted from the account presented by you the following items:

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| May | 17, | 1910, | Interest........................ | $7 | 50 |
| June | 12, | 1910, | Interest........................ | 4 | 33 |
| June | 12, | 1911, | Interest........................ | 60 | 00 |
| June | 12, | 1911, | Note........................... | 1,000 | 00 |

"Deducting the total of these items from the debit side of the account as presented by you, leaves a balance of $3,382.08. This balance is still further reduced by the following credits:

| | | | |
|---|---|---|---|
| February 17, 1910, note paid at maturity ........................ ........ | $1,000 | 00 | |
| March 15, 1910, bricks............. | 8 | 96 | |
| April 2, note which remains unpaid | 1,000 | 00 | $2,008 96 |

Net balance due from this company........ $1,373 12

"According to our interpretation of our liability the acceptance by you of the notes whether paid or unpaid discharges the surety to the extent of the face value of the note, and we believe our position in this matter is sustained by the case of *People* v. *Grant*, 138 Mich. 60.

"If your clients are prepared to accept the sum of $1,373.12 in full settlement of all claims or demands against this company under the penal bond given in connection with the contract of George Rickman Sons Company for the construction of the City Hall Building, Holland, we will forward a check for this amount to our attorneys in Detroit, Mess. Brennan, Donnelly & Van De Mark, with instructions to deliver the same upon the execution by our company of the usual affidavit and receipt.

"Very truly yours,<br>"S. W. GAMBRILL."

To which the Zeeland Brick Co. on July 28th replied as follows:

"FIDELITY & DEPOSIT CO.,
  "Baltimore, Maryland.
  "*Gentlemen:* In response to your favor of June 23d offering us a check for $1,373.12 in full settlement of

claim against your company under bond given with the contract with George Rickman Sons Co. for the construction of the city hall at Holland, Mich. If agreeable to you we would kindly ask you to send the check to your attorneys at Detroit at an early date so that this matter may be closed up.

"Yours truly,
"ZEELAND BRICK CO.,
"G. Veneklasen, Sec'y."

On July 31st, the Fidelity & Deposit Company wrote the Zeeland Brick Company the following letter:

"*Gentlemen:* In replying to your letter of the 28th inst., please be advised that we are sending our check for $1,373.12 to our attorneys in Detroit, Mess. Brennan, Donnelly & Van De Mark, with instructions to deliver the same on their obtaining the usual receipt and release which we are requiring in all cases.

"Very truly yours,
"S. W. GAMBRILL, Counsel."

Then followed some correspondence between Messrs. Brennan, Donnelly & Van De Mark, counsel for the Fidelity & Deposit Company, and the Zeeland Brick Co. The result of which was the payment to the Zeeland Brick Company of the sum of $1,373.12, and the giving by the Zeeland Brick Co. of the following receipt:

"ZEELAND, MICHIGAN, September 2, 1911.
"Received of the Fidelity & Deposit Company of Maryland surety upon the bond of George Rickman Sons Company, for the payment of accounts of subcontractors and persons supplying material and performing labor in the construction of the new City Hall Building at Holland, Michigan, the sum of one thousand three hundred seventy-three dollars and twelve cents ($1,373.12) in full payment of the attached account. Said sum is accepted in full payment and satisfaction of all claims against said Fidelity & Deposit Company of Maryland under the above mentioned bond. It is agreed that all evidence, documentary or otherwise, tending to prove the correctness of the above account, and the various items thereof, shall

be preserved and placed at the disposal of said Fidelity & Deposit Company of Maryland at any time that it may demand the same.

"ZEELAND BRICK CO.,
"By G. Veneklasen, Secy.-Treas.
"In presence of B. H. Goozen, W. C. Irvine."

Following this judgment between the parties, the Zeeland Brick Company filed its claim under the $1,-000 note with the receiver of the Geo. Rickman Sons Company, and thereafter was paid by said receiver several dividends thereon, amounting in all to $308.50, the last dividend being paid January 6, 1915.

The declaration in the case at bar was filed March 2, 1916, 4½ years after the date of the receipt given in final settlement between the parties. The claim made on behalf of the use plaintiff is for the amount of the $1,000 note and interest, less the sum received by it from the receiver of the Geo. Rickman Sons Company. There being no dispute as to the amount involved or any of the facts in the case, each party moved for judgment. The motion made on behalf of the use plaintiff was granted for the sum of $931.58.

BROOKE, J. (*after stating the facts*). On July 23, 1915, this court handed down a decision in the case of the *People, for use of Contracting Co.,* v. *Bowen,* 187 Mich. 257 (153 N. W. 672), in which it was held that a paid surety could not avoid liability upon its bond by showing that credit had been extended to the principal in the bond, without the knowledge of the surety, in the absence of a showing that such extension of time operated to the injury of the surety. The material facts in the case at bar are identical with those in the case of the *People* v. *Bowen, supra.* It is contended that at the time of the payment by the defendant surety company to the use plaintiff of the sum of $1,373.12 and the giving by the Zeeland Brick Company to the surety company

of a receipt in full, there was in fact due from the surety company to the Zeeland Brick Company the full sum of $2,444.95, and that said sum was a liquidated claim. It is argued, therefore, that the payment by the surety company to the brick company of a sum less than the amount actually due (even though a receipt in full was exacted upon payment thereof), does not discharge the surety company from its obligation to now pay the balance of the claim. This position is met by the appellant by the assertion that at the time the claim of the Zeeland Brick Company was presented to the surety company it was the belief of the surety company and its *bona fide* contention that if credit were extended to the principal without the consent or knowledge of the surety, the surety was relieved of its obligation under the bond *pro tanto*.

Under the law in this State there is no doubt that a payment of less than the full amount of a past-due liquidated and undisputed debt, although accepted and receipted for as in full satisfaction, is only to be treated as a partial payment, and does not estop the creditor from suing for and recovering the balance. *Leeson* v. *Anderson,* 99 Mich. 247, 248 (58 N. W. 72, 41 Am. St. Rep. 597) ; *Tanner* v. *Merrill,* 108 Mich. 58, 60 (65 N. W. 664, 31 L. R. A. 171, 62 Am. St. Rep. 687) ; *Cunningham* v. *Irwin,* 182 Mich. 629 (148 N. W. 786). The rule, however, is subject to numerous exceptions among them, as stated in *Cunningham* v. *Irwin, supra,* the following:

"When the claim is unadjusted or unliquidated; when payment is made before it is due; when a new security is given; when there is a composition with creditors; and where part payment in full settlement is made by a third party who is a stranger to the claim and under no legal obligations in relation to it. While this court, in accepting the general rule, has had little occasion to deal with these exceptions, they are well settled by almost universal weight of authority."

The rule being a technical one and tending to defeat the express intention of the parties, it cannot be extended to embrace cases not within its strict letter. *Tanner* v. *Merrill, supra.*

The single question presented by the undisputed facts in this case is whether at the time the surety company paid to the brick company the sum of $1,-373.12, and received in exchange therefor its receipt in full, there was then a "past-due, liquidated, and undisputed debt" due from the surety company to the brick company in the amount of $2,444.95. We are of opinion that it cannot be said that the claim as filed with the surety company by the brick company, amounting to $2,444.95, was a liquidated claim within the meaning of the rule invoked. The first letter written by the defendant surety company to the use plaintiff clearly indicated this fact. It is there said:

"Please understand that until we have made this investigation we cannot admit liability and this letter is written with a full reservation of all our rights."

In a subsequent letter of June 23d, the position of the surety company is made plain to the use plaintiff, and the contention is set up by the surety company that the extension of time to the principal worked a discharge of the surety to the extent of the amount of the note or notes taken. Not only this, but the use plaintiff was advised of the authority in this State upon which said claim was predicated. The surety being abundantly responsible, it is apparent to us that the use plaintiff became convinced of the soundness of the position taken by the surety company, otherwise it would scarcely have accepted $1,373.12 for an indebtedness of $2,444.95. Nor can it be said, considering the state of the law at that time, that the claim made by the surety company was without warrant. It is true that this court four years later decided that the position then taken by it was untenable, but at the

time the compromise was made neither party knew that such a holding would be made. At the moment of the compromise the use plaintiff had two courses open to it: It could sue upon the bond and decide the question of the surety company's liability for the amount of the note, or it could immediately accept the sum proffered, admitting the propriety of the surety company's contention, and end the controversy. It chose the latter course. The case of *Simons* v. *Supreme Council, A. L. H.,* 178 N. Y. 263 (70 N. E. 776), is upon the facts very similar to the case at bar. The court there held the claim to have been unliquidated, and reversed the judgment of the lower court in favor of the plaintiff.

The judgment will be reversed; and, inasmuch as there is no dispute upon the facts, there will be no new trial.

Kuhn, C. J., and Stone, Ostrander, Bird, Moore, Steere, and Fellows, JJ., concurred.