CENTRAL STEEL & WIRE CO. v. FARBER.

1. ACCORD AND SATISFACTION—PART PAYMENT THOUGH RECEIVED IN
   FULL TREATED AS PAYMENT PRO TANTO.
   Payment of less than full amount of past due, liquidated, and
   undisputed debt, although accepted and receipted for as in
   full satisfaction, is only to be treated as payment *pro tanto*,
   and does not estop creditor from suing for and recovering
   balance, with certain exceptions.

2. COMPOSITIONS WITH CREDITORS.
   Where payment of part of liquidated debt is made and accepted
   in composition with creditors, creditor is precluded from re-
   covering balance.

3. SAME—EVIDENCE—SUFFICIENCY—GUARANTY.
   Evidence *held*, sufficient to establish that payment of part of
   liquidated debt was in pursuance of general composition with
   creditors, precluding creditor from recovering balance from
   guarantor.

4. EVIDENCE—RECEIVERS—COMPOSITIONS WITH CREDITORS.
   Files in receivership case were admissible in evidence in credi-
   tor's suit to show that there was no composition with creditors.

5. APPEAL AND ERROR—EVIDENCE—HARMLESS ERROR.
   Error in excluding evidence was harmless, where excluded evi-
   dence, if admitted, would not have changed result.

Error to Genesee; Parker (James S.), J. Sub-
mitted October 22, 1930. (Docket No. 123, Calendar
No. 35,252.)  Decided December 2, 1930.

Assumpsit by Central Steel & Wire Company, an
Illinois corporation, against John E. Farber on a
contract of guaranty of an account. From a judg-
ment for defendant, plaintiff brings error. Af-
firmed.

Acceptance of remittance of part of amount on an unliquidated
or disputed claim accompanied by a statement that it is "in full"
or words of similar import, as consent to its receipt in full pay-
ment, see annotation in 14 L. R. A. (N. S.) 443; 27 L. R. A. (N. S.)
439; 34 A. L. R. 1035.

*Max Kahn* (*Leonard V. Pylkas,* of counsel), for plaintiff.

*C. M. Van Benschoten,* for defendant.

McDONALD, J.   This suit.was brought to recover a balance of $3,693.92 due on the sale of a quantity of steel to the J. E. Farber Company of Flint, Michigan.   The action is against J. E. Farber, president of that company, who gave a written guaranty of payment to the plaintiff prior to the delivery of the material.   Subsequently the company found itself in financial trouble and filed a petition for voluntary dissolution of the corporation.   Two receivers were appointed, one of whom was Louis Lande.   He was active in the management of the business for a little more than four years after his appointment.   Five dividends were declared and distributed.   Before his discharge, the receiver made settlements with the creditors for less than the amounts due.   In this general settlement, the plaintiff received $1,988.98, which it accepted as payment in full and gave its receipt and release for the balance, amounting to $3,693.92.

The plaintiff bases its right to recover this. balance on the principle of law that payment of less than the full amount of a past-due liquidated and undisputed debt, though received in full satisfaction, is treated as payment *pro tanto* and does not bar the creditor from recovering the balance of his debt. The defendant contested the case on the theory that settlement with the plaintiff was made in pursuance of a general composition with the creditors, and, because of that fact, the principle of law invoked by the plaintiff has no application.   The trial court agreed with this contention, and entered judgment for the defendant.   The plaintiff has brought error.

The applicable law governing the question here involved is stated in *Cunningham* v. *Irwin,* 182 Mich. 629, as follows:

"The rule of law is generally recognized as well settled by the great weight of authority that a payment of less than the full amount of a past-due, liquidated, and undisputed debt, although accepted and receipted for as in full satisfaction, is only to be treated as a payment *pro tanto,* and does not estop the creditor from suing for and recovering the balance."

This case recognizes numerous exceptions to the rule stated, one of which is where payment of a part of the debt is made and accepted in composition with creditors.

In the instant case, the court found that there was a composition with creditors. The plaintiff contends there was no evidence to support the finding. We disagree with this contention. The following testimony, which is not seriously disputed, shows the court was right in his determination of the facts.

In the settlement agreement made with the plaintiff on October 15, 1928, it was recited that payment which was to be made on December 1, 1928, would be in full settlement of the debt. On the same day, the plaintiff wrote a letter to the Woltrup Steel Products Company, another creditor in Beaver Falls, Pennsylvania, which reads as follows:

"Gentlemen: *Re* J. E. Farber and Company, Flint, Mich.

"In the above receivership you have received four dividends totaling 30 per cent. The writer had a visit from Mr. Lande, the receiver, today, at which time the affairs of this company were discussed. It is possible that some new money can be interested in this business, whereby, with the consent of

all the creditors, the unsecured creditors will receive 35 per cent. cash settlement based on the balance due you, which is equal to 54 per cent. of the entire claim, or you can accept five per cent. cash settlement and stock for the balance in full of your claim, payable in three years. The writer has accepted the settlement which will net 54 per cent. and which, in his opinion, after careful consideration, is a satisfactory settlement under the circumstances.

"The LaSalle Steel Company, who had a claim of $8,000, have also agreed to this compromise.

"Mr. Lande will probably be in the east during the next week and will endeavor to communicate with you, if it is possible to do so.

"We would recommend that you have the insurance company accept this settlement so that we may receive, as we understand that, as soon as all the creditors agree to it, a dividend within 30 days.

"Yours very truly,<br>"CENTRAL STEEL & WIRE CO."

Mr. Lande, the receiver, testified that the settlement with the plaintiff was dependent on the other creditors accepting the same arrangement, that all of them did accept and signed settlement agreements which were presented to the circuit judge and approved by him, after which he entered an order discharging the receiver. The letter above quoted shows that plaintiff made its settlement understanding that other creditors were to settle on the same terms, that plaintiff was active in assisting the receiver in bringing about a like settlement with the other creditors, that it knew a composition with creditors was being attempted by the receiver and was anxious that he should succeed. The testimony of the receiver shows that he did succeed, that he obtained settlements with all of the creditors and filed them with the court, that they were approved, that

he was discharged as receiver and that the order of discharge was made and entered after a hearing in which the court found all the debts had been paid. The testimony clearly shows that the settlement with plaintiff was in pursuance of a general composition with creditors.

The plaintiff complains that it was wrongly restricted by the court in attempting to show there was no composition with creditors. The court was wrong in refusing to receive in evidence all of the files in the receivership case, but, in view of the conclusive character of the undisputed evidence and the fact it is not claimed and does not appear that the excluded evidence would change the result, we regard the court's ruling as harmless error.

The court was correct in his findings on the law and facts. The judgment is affirmed, with costs to the defendant.

Wiest, C. J., and Butzel, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.