BIRENBERG *v.* RAZGUNAS.

1. ACCORD AND SATISFACTION — PAYMENT — COMPROMISE — EXCEPTIONS.

The rule of law generally recognized as well settled by great weight of authority that payment of less than the full amount of a past-due, liquidated and undisputed debt, although accepted and receipted for as in full satisfaction, is only to be treated as a payment *pro tanto*, and does not estop the creditor from suing and recovering the balance is subject to the following recognized exception, among others, that where part payment in full settlement is made by third party who is a stranger to the claim and under no legal obligations in relation to it.

2. COMPROMISE AND SETTLEMENT—MORTGAGES—CONSIDERATION.

In suit by owner of mortgaged property, a subsequent grantee of one who did not assume the mortgage, against holder of the mortgage for accounting, plaintiff *held*, entitled to credit of $2,100 in full settlement of which past-due amount plaintiff had paid $1,700 and received agreement to extend balance, since he was not under legal obligation to pay mortgage debt.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ACCOUNTING.

In suit by owner of mortgaged property against holder of mortgage for an accounting, item of costs of an incomplete and ineffectual foreclosure sale is considered on appeal though not passed upon by the trial court, where item will enter into accounting to which plaintiff is entitled upon reversal of decree dismissing bill.

4. MORTGAGES—FORECLOSURE—COSTS—ACCOUNTING.

In suit by owner of mortgaged property against holder of mortgage for an accounting, costs of an incomplete and ineffectual foreclosure sale should not be added to amount due on mortgage.

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 11, 1935. (Docket No. 94, Calendar No. 38,448.) Decided October 30, 1935.

Bill by Max Birenberg and wife against Anthony Razgunas for an accounting, to enjoin foreclosure of a mortgage, and for other relief. Bill dismissed. Plaintiffs appeal. Reversed and remanded.

*Warner, Norcross & Judd* and *Joseph Shulsky*, for plaintiffs.

Bushnell, J. Defendant holds a mortgage on plaintiff's property on which $2,350 was due and unpaid May 1, 1933. Birenberg, who is not personally liable because he is a subsequent grantee of one who did not assume and agree to pay the mortgage debt, paid Razgunas on that day $82.25 for interest to date, and $1,700 on principal, receiving a receipt for $2,100 on principal and an agreement to extend the balance of $250 for 1 year and 11 months. Defendant, shortly thereafter prematurely began foreclosure in chancery resulting in a decree dismissing his bill and $218 taxed costs which by stipulation was credited on the balance due. Later, after default in interest defendant commenced foreclosure by advertisement and plaintiff filed a bill for accounting praying that the decree require defendant to credit $2,100 on the balance rather than $1,700. Defendant's plea of failure of consideration was allowed from which plaintiff appeals:

"The rule of law is generally recognized as well settled by the great weight of authority that a payment of less than the full amount of a past-due, liquidated, and undisputed debt, although accepted and receipted for as in full satisfaction, is only to be treated as a payment *pro tanto,* and does not estop the creditor from suing for and recovering the balance. This is ancient bench law, supported by no

statutory authority or rule of property, and, though often criticized as unreasonable, unfair, and unjust, it is said its long and general acceptance commends itself to the courts with almost irresistible force.
\* \* \*

"The rule is, however, recognized in this State in line with the weight of authority which now recognizes numerous exceptions, amongst which are: When the claim is unadjusted or unliquidated; when payment is made before it is due; when a new security is given; when there is a composition with creditors; and where part payment in full settlement is made by a third party who is a stranger to the claim and under no legal obligations in relation to it." *Cunningham* v. *Irwin*, 182 Mich. 629.

See, also, *People, for use of Zeeland Brick Co.*, v. *Fidelity & Deposit Co.*, 195 Mich. 738, 745, and *Central Steel & Wire Co.* v. *Farber*, 252 Mich. 472.

The past due claim was liquidated and the same security continued, but plaintiff was then under no legal obligation to pay the mortgage money. He nevertheless made a part payment of $1,700 in full settlement of $2,100 of the debt and received an agreement to extend the balance of $250 for 1 year and 11 months.

The decree dismissing plaintiffs' bill must be reversed and the cause remanded to the circuit court with instructions to take an accounting between the parties as to the balance due, in which accounting appellants are to receive credit for $2,100 upon principal as of May 1, 1933.

Appellants also claim that the foreclosure sale was invalid because the mortgagee bid the property in for a greater amount than was actually due upon the mortgage and none of the excess money was paid to the sheriff for the benefit of the mortgagor. See

3 Comp. Laws 1929, § 14438. This question was not passed upon by the trial court. We here give it consideration because it will enter into the accounting sought by plaintiff. The costs of an incomplete and ineffectual sale should not be added to the amount due on the mortgage. See *Louder* v. *Burch,* 47 Mich. 109. If there is a balance in favor of appellant, the decree should provide for the discharge of the mortgage without further payments and if the balance is in appellee's favor, the decree should provide for a discharge upon payment of such sum to appellee or to the clerk of the court for his use and benefit.

The decree is reversed and the cause remanded for further proceedings in conformity hereto. Appellants shall have their costs.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, concurred.

The late Justice NELSON SHARPE took no part in this decision.