ASTON v. ELKOW.

1. ACCORD AND SATISFACTION—BACK RENT—PARTIAL PAYMENT.
   Evidence in action to collect balance due for rents accrued under a three-year written lease of real estate *held*, sufficient to sustain finding that amount claimed to be due was certain and known to both parties at time $100 check was given for "payment in full on all back rent" in a much larger amount.

2. SAME—PARTIAL PAYMENT OF LIQUIDATED DEBT.
   Part payment of a past due, liquidated and undisputed claim, even though accepted in full satisfaction thereof, does not operate to discharge the debt but constitutes a payment *pro tanto* only.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted January 8, 1937. (Docket No. 84, Calendar No. 39,296.) Decided March 2, 1937.

Assumpsit by Thomas W. Aston against Stephen R. Elkow for sums due under a written contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*David B. Lichtig* (*Morris Weller,* of counsel), for plaintiff.

*Hugh G. Allerton,* for defendant.

CHANDLER, J. Defendant appeals from a judgment in favor of the plaintiff, permitting recovery for rents accruing under a lease of certain premises to the defendant.

On March 29, 1929, the plaintiff leased, by instrument in writing, the premises in question to the defendant for a period of three years, commencing May 1, 1929 and ending April 30, 1932, at a stipulated rental of $160 per month. On November 11, 1930, the parties entered into a written agreement whereby the rental stipulated in the lease was reduced to $135 per month for the period from October 1, 1930 to May 31, 1931, the original rental of $160 to be reinstated on June 1, 1931. By error of the plaintiff's bookkeeper, the rental was continued at the rate of $135 per month after May 31, 1931, instead of $160 as provided by the lease and the agreement of November 11, 1930.

The rent was paid consistently until October 1, 1930, and thereafter the amounts paid and the time of payment thereof became irregular. Several conferences were had relative to the arrears and finally on December 1, 1932, it was agreed that the defendant would give and the plaintiff would receive the sum of $100 in satisfaction of the rental accrued to date. Accordingly, on December 2, 1932, the defendant gave plaintiff his check in that amount. Written thereon was the following: "Payment in full on all back rent as per agreement Dec. 1st, 1932." At the trial the plaintiff claimed the sum of $1,441 to be due, less the $100 paid by check on December 2, 1932, all claim for rent accruing thereafter being waived.

It is contended by the appellant that the amount due on December 1, 1932 was unliquidated, for the reason that prior thereto it had been orally agreed that he should pay rent in such amounts as he could and as his business would warrant, and therefore, that the check in the amount of $100 operated to satisfy the claim in full.

We have examined the record with care and are compelled to agree with the conclusion of the trial court that the claim in question was liquidated at the time the check was tendered and accepted in satisfaction thereof. Although disputes may have occurred prior to December 1, 1932, from the testimony of the defendant and of other witnesses it is clear that on that date, as well as on the following day, the amount claimed to be due was certain and known to both parties.

We have many times held that part payment of a past due, liquidated and undisputed claim, even though accepted in full satisfaction thereof, does not operate to discharge the debt but constitutes a payment *pro tanto* only. *Leeson* v. *Anderson,* 99 Mich. 247 (41 Am. St. Rep. 597); *Cunningham* v. *Irwin,* 182 Mich. 629; *People, for use of Zeeland Brick Co.,* v. *Fidelity & Deposit Company,* 195 Mich. 738; *Central Steel & Wire Co.* v. *Farber,* 252 Mich. 472; *Cochran* v. *National Casualty Co.,* 261 Mich. 273.

We have examined the authorities submitted by the appellant, and it will suffice to state that in our opinion they are not applicable to the instant case.

Judgment affirmed, with costs to appellee.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.