SPINNING v. MILLSITE STEEL & WIRE WORKS, INC.

ROLFE C. SPINNING, INC., v. SAME.

DUDGEON v. SAME.

1. CONTRACTS—WITHDRAWAL OF OFFER.
   Instrument in form of offer by creditor to settle claim against defendant corporation for a percentage of amount owing and to keep offer open for a reasonable time to permit defendant to obtain similar consent of other creditors and forward funds in settlement and signed by creditor was not conclusive where creditor withdrew offer before agreement thereto by all creditors or payment by defendant.

2. SAME—OFFER AND ACCEPTANCE.
   Until an offer is accepted it may be withdrawn by the offeror.

3. PAYMENT—USE OF CHECKS.
   Checks for payment of a portion of debts of respective creditors involved in a proposed composition were not payment unless accepted by the creditors as such.

Revocation of offers, see 1 Restatement, Contracts, §§ 41, 45.

4. CONTRACTS—OFFER AND ACCEPTANCE—PAYMENT BY CHECKS.

Sending of checks in payment of a portion of debt pursuant to signed offer of creditor to accept such portion in satisfaction of the debt, but after creditor had withdrawn offer to do so, did not constitute an acceptance by the debtor of the creditor's offer.

5. COMPOSITION WITH CREDITORS—NONASSENTING CREDITORS.

A composition with creditors is not binding upon nonassenting creditors.

6. SAME—WITHDRAWAL OF OFFER.

Creditors' offers to accept a lesser amount than sum owing and leave them standing for a reasonable time may be withdrawn before acceptance, and until acceptance are not binding.

7. CONTRACTS—AGREEMENT TO TAKE A LESSER SUM—NUDUM PACTUM.

The acceptance by defendant debtor of a single creditor's offer to accept a portion of his debt would not turn the offer into a binding contract, for an agreement to take a lesser sum in satisfaction of a greater is *nudum pactum*.

Appeal from Livingston; Collins (Joseph H.), J. Submitted February 6, 1943. (Docket No. 27, Calendar No. 42,213.) Decided April 6, 1943.

Separate actions of assumpsit by Rolfe C. Spinning, Rolfe C. Spinning, Inc., a Michigan Corporation, and William C. Dudgeon against Millsite Steel & Wire Works, Inc., a Michigan corporation, on promissory notes. Cases consolidated for trial and appeal. Judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Fred Dye,* for plaintiffs.

*Van Winkle & Van Winkle,* for defendant.

BOYLES, C. J. Plaintiffs sued separately, each on a promissory note executed by defendant. The cases were consolidated for trial before the court without

a jury, and on this appeal. The defense was (and is) that plaintiffs had each entered into a composition agreement with defendant to accept 10 per cent. of their respective claims in full settlement. These so-called agreements were identical (except as to names and amounts) as follows:

"The undersigned creditor of Millsite Steel & Wire Works, Inc., a Michigan corporation, of Howell, Michigan, does hereby agree to and with such corporation and other creditors of such corporation, who shall sign similar agreements, as follows:

"Such corporation on this date is owing the creditor the sum of $330.40, on past due open account.

"Such corporation, on this date is owing the creditor the sum of $958, on promissory note, one half thereof being past due and one half thereof not yet due.

"Such corporation has represented to its creditors that it is largely indebted and without sufficient funds or assets to pay its debts. To avoid receivership and attendant expense and forced sale of remaining assets, the creditor agrees to accept 10 per cent. of the above debt in full settlement and satisfaction thereof.

"This offer shall remain open for a reasonable time to permit the corporation to obtain similar consent of other creditors and forward funds in settlement.

"ROLFE C. SPINNING, INC.
"ROLFE C. SPINNING, PRES.
"5057 Woodward Ave.,
"Detroit, Mich."
"Dated: November 12, 1940.

Plaintiffs claim these were offers of compromise. Defendant claims they were binding agreements. Each of the plaintiffs signed this offer (or agreement as claimed by defendant) on November 12,

1940. On November 18, 1940, plaintiff Spinning telephoned Mr. Withey, defendant's vice-president, and notified him that plaintiffs were withdrawing the offer. No question is raised as to Spinning's authority to act for plaintiffs, or of Withey's authority to act for defendant. The 10 per cent. had not been paid or tendered to anyone at that time. There had been at least no formal acceptance of this offer by defendant.

Defendant claims that the "offer and acceptance" essential to a contract was the reverse of the situation as claimed by plaintiffs—that defendant made the offer of compromise and that plaintiffs accepted it. In form, these instruments are offers by plaintiffs, and as plaintiffs stated therein:

"This offer shall remain open for a reasonable time to permit the corporation to obtain similar consent of other creditors and forward funds in settlement."

The paper writings under consideration were signed only by plaintiffs. None of them was accepted in writing by defendant.

Other facts negative defendant's claim that these instruments are binding agreements for a composition. They are in the same form sent out by defendant to all of its creditors. There is no proof that other creditors had agreed to a compromise except the testimony of Mr. Withey:

"At the time I was in the office for Mr. Spinning's signature, the major part of creditors had already signed *similar agreements*. None of these signed on the strength of Spinning & Company, Mr. Spinning or Mr. Dudgeon."

It is apparent that the "similar agreements" thus referred to by Withey as having been signed by others were offers of settlement for 10 per cent., the

same as the offers of plaintiffs herein. There was nothing conclusive or binding between plaintiffs and defendant when plaintiffs' offers were withdrawn. At that time, the defendant was in the position of either accepting or rejecting the offers of plaintiffs, as well as other creditors. At that time, it was open for defendant to decide whether to accept or reject, depending on whether a sufficient number or (as claimed by plaintiffs) whether all creditors signed the offers. There is some evidence that defendant intended to effectuate the compromise only if *all* creditors entered into similar agreements. When Spinning called Withey on November 18th and asked him about the 10 per cent., Withey said it could not be paid until all the creditors had signed, and that all had not signed at that time. Thereupon, Spinning withdrew the offers.

The telephone conversation between Spinning and Withey during which Spinning withdrew plaintiffs' offers was on November 18th. On November 22d, defendant mailed plaintiffs checks, dated November 19th, for the 10 per cent., and at the same time mailed similar checks to others who had offered to accept 10 per cent. of their claims. The checks were not payment unless accepted by plaintiffs as such, and plaintiffs promptly refused to accept them and returned the same. Under these circumstances, the sending of the checks to plaintiffs on November 22d cannot be construed as an acceptance by defendant of plaintiffs' offers. *Browning* v. *Crouse,* 40 Mich. 339.

Plaintiffs are in the position of nonassenting creditors in the claimed composition, and the composition is not binding on them. *Shekell* v. *Ypsilanti Savings Bank,* 267 Mich. 114.

This is not a case where creditors have entered into a binding composition agreement to accept less

than the amount of their claims, which finds consideration in the mutual undertaking of others to forego a part of their debt. Plaintiffs' offers to accept the lesser amount, and to leave them standing for a reasonable time, might be withdrawn before acceptance, and until acceptance were not binding. The similar offers of others were in the same category, before acceptance by defendant. A single acceptance by defendant alone would not turn the offer into a binding contract, for that would be an agreement to take a lesser sum in satisfaction of a greater, and still *nudum pactum*. *Aston* v. *Elkow*, 279 Mich. 232. See, also, *Central Steel & Wire Co.* v. *Farber*, 252 Mich. 472. Plaintiffs' offers were withdrawn before acceptance, and no contract to forego a part of their respective claims was concluded. Defendant had the burden of proving a binding agreement and has not proven an acceptance of the offers.

The court below held these offers constituted binding agreements and entered judgment for plaintiffs only for 10 per cent of their respective claims. Plaintiffs should have judgment for the full amount of their respective claims, with costs of both courts. Reversed and remanded for entry of judgment in accordance herewith.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.