THAL *v.* DETROIT BOARD OF EDUCATION.

1. CONTRACTS—MODIFICATION OR DISCHARGE—CONSIDERATION—STATUTES.

Prior to the adoption of statute eliminating necessity of consideration for written modification or discharge of any contract, a purported release of a liquidated claim for a lesser amount was without consideration and void (Act No. 238, Pub. Acts 1941).

2. ACCORD AND SATISFACTION—PAYMENT—COMPROMISE.

Where less than the full amount of a past-due liquidated and undisputed debt is paid, such payment is only to be treated as a partial payment and does not estop the creditor from suing for and recovering the balance, even though such payment was accepted and receipted for as in full satisfaction.

3. APPEAL AND ERROR—FINDINGS OF COURT—EVIDENCE—LIQUIDATED CLAIM.

Finding of trial court that the claim of assignees of employees of city board of education for sums withheld during a two-month period from salaries of assignors, pursuant to resolution adopted by the board, was a liquidated claim *held*, supported by evidence in record in assumpsit action by assignees.

4. INTEREST—RECOVERY ALTHOUGH NOT CLAIMED IN DECLARATION.

Interest may be recovered, although it is not claimed or demanded in the declaration.

5. SCHOOLS AND SCHOOL DISTRICTS—PRESENTATION OF CLAIMS FOR WITHHELD SALARY—WAIVER OF DEMAND.

The cashing of reduced semimonthly pay checks by city board of education's employees constituted no bar to, and the subsequent voluntary payment of part of the withheld amount waived or obviated the need of, subsequent presentation of the claims for payment.

6. INTEREST—WITHHELD SALARY—DEMAND.

Demand for payment of sums withheld by city board of education from pay checks of its employees would have been an idle

gesture where it appears that repeated public announcements were made that the board had no money with which to pay such claims, hence interest was payable on claim from time it was withheld.

7. SCHOOLS AND SCHOOL DISTRICTS—CORPORATIONS.
   The board of education of the city of Detroit is a corporation by virtue of statute (2 Comp. Laws 1929, § 7277).

8. PARTIES—ACTION TO RECOVER WITHHELD SALARIES OF CITY SCHOOL TEACHERS.
   Where, although city board of education is a corporation it is required to procure its funds through city, the sole tax-raising authority, which pays the expenses and indebtedness of the board, including pay checks of board's employees, the city was a proper party in action by assignees of claims of school teachers for sums withheld from pay checks when city was in financial difficulties (2 Comp. Laws 1929, § 7277; Detroit Charter, title 6, chap. 1, § 1, as amended in 1930).

Appeal from Wayne; Chenot (James E.), J. Submitted October 17, 1946. (Docket No. 68, Calendar No. 43,518.) Decided December 3, 1946.

Assumpsit by Ed Thal and others, assignees of certain school teachers of the City of Detroit, against City of Detroit and Detroit Board of Education for wages withheld during depression. Directed verdict and judgment for plaintiffs. Defendants appeal. Affirmed.

*Edward N. Barnard,* for plaintiffs.

*William E. Dowling,* Corporation Counsel, and *Clarence E. Page,* Assistant Corporation Counsel, for defendants.

SHARPE, J. This is an action by plaintiffs to recover unpaid salaries of approximately 800 school teachers of the city of Detroit. Plaintiffs' assignors were employees of the board of education of the city of Detroit during the months of May and June, 1932.

Because of the economic depression and resulting inability of the taxpayers of the school district to pay their taxes, it was deemed necessary to effect certain economies in order to continue the operations of the schools. On May 10, 1932, the board of education adopted a resolution which provided in part as follows:

"Whereas, unless the economies provided for by the reduction in salaries and compensation as fixed in this resolution are made effective it will be necessary to close the schools for the month of June, 1932, thereby providing no employment or compensation for teachers and other employees during that period. Therefore, be it

"Resolved, that all officers, teachers and employees of the board of education of the city of Detroit working on a 12-month basis contribute a sufficient number of days' work each pay period during the months of May and June, 1932, without pay therefor, so that the amount of such contributions will equal one-half of his or her salary or compensation for said months; and further, that all officers, teachers and employees of the board of education of the city of Detroit working on a ten-month basis contribute a sufficient number of days' work each pay period during the months of May and June, 1932, without pay therefor, so that the amount of such contributions will equal 41⅔ per cent. of his or her salary or compensation for said months. * * *

"Resolved, that if any officer, teacher or employee of the board of education of the city of Detroit shall refuse or fail to make such voluntary contribution of time as specified herein, then this resolution shall be construed and it is intended as a compulsory reduction of his or her salary or compensation or pay on the basis of the percentage as outlined in the first proviso hereof."

The board of education in its resolution provided a condition in the form of an indorsement on each

check issued under which the employee accepted his pay for the services for the months of May and June, 1932 which reads as follows:

"The indorsee of this check agrees and consents to be bound by the terms and conditions and considerations of the resolution adopted by the board of education on the 5th day of May, A. D. 1932, and further waives any rights to sue the board of education of the city of Detroit for salaries, wages, or other compensation which may be effected by said resolution."

In the course of time by means of the seven-year plan, tax suits and other methods of collection, the city proceeded to collect delinquencies in the taxes so that by June 30, 1943, 98 or 99 per cent. of the delinquencies had been collected. Interest and penalties were also collected on these taxes and the city had realized considerable by withholding certain properties for public use under the scavenger act.* On May 19, 1937, the board of education paid to plaintiffs' assignors and other employees 20.83 per cent. of the salaries for the months of May and June, 1932.

On May 11, 1943, plaintiffs commenced the instant action to recover the remaining 20.83 per cent. of the salaries for the months of May and June, 1932 together with interest on said amount. Plaintiffs' assignors each executed an assignment to plaintiffs before action was started.

On June 26, 1945, the board of education voted to order the payment of the balance owing the board of education employees without interest and subject to a proposed release of all claims. Checks were issued but not accepted by any of the plaintiffs. Subsequently, the case came on for trial and at the close

---

* See Act No. 155, § 5, Pub. Acts 1937, as amended by Act No. 159, Pub. Acts 1943 (Comp. Laws Supp. 1943, § 3723–5, Stat. Ann. 1944 Cum. Supp. § 7.955).—REPORTER.

of all evidence both parties moved for a directed verdict. The trial judge directed the jury to return a verdict in favor of the plaintiffs in the sum of $124,018.79 which was accordingly entered.

Defendants appeal and urge that the cashing of the checks issued in 1932 with the condition thereon stated, constituted an accord and satisfaction and a settlement of the difference between the parties.

Prior to Act No. 238, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 13433–1, Stat. Ann. 1946 Cum. Supp. § 26.978[1]), it was settled law in this State that when the amount claimed was liquidated, a purported release for a lesser amount was without consideration and void.

In *People, for use of Zeeland Brick Co.,* v. *Fidelity & Deposit Co.,* 195 Mich. 738, we said:

"Under the law in this State there is no doubt that a payment of less than the full amount of a past-due liquidated and undisputed debt, although accepted and receipted for as in full satisfaction, is only to be treated as a partial payment, and does not stop the creditor from suing for and recovering the balance."

See, also, *Aston* v. *Elkow,* 279 Mich. 232, and *Spinning* v. *Millsite Steel & Wire Works, Inc.,* 304 Mich. 651.

The trial judge in determining whether the claim was liquidated or unliquidated said:

"The claim, in my opinion, is a liquidated claim. It is definite and it is certain. I do not think there was ever or is now any question as to the amount owing to these teachers in this litigation. The acceptance of the checks for less than the full amount due by indorsing them under the printed matter, which was printed on the back of the checks, was, in my opinion, without consideration, and that being the case there can be no accord and satisfaction. That is the ruling of the court, and the motion is denied."

There is competent evidence in the record to support the finding of the trial court that the claim is a liquidated claim and we so hold.

It is next urged that plaintiffs were not entitled to interest from June 15, 1932, to May 19, 1937, as plaintiffs did not allege and prove an assignment of the claims for interest. The declaration filed by plaintiffs sets up that there were wage-claim assignments in accordance with a list of assignors and amounts appended to the declaration; and that one half of the amount withheld in 1932 was paid in May, 1937. The declaration in part states:

"That although the said salaries for the months of May and June, 1932 were duly and fully earned by the employees of the city of Detroit who are represented in this suit by the plaintiffs having long since been due and unpaid and the moneys which were assessed against the taxpayers of said city of Detroit to pay such salaries have long since been collected and are in the hands of the defendant, city, still the said defendant has neglected and failed to pay the balance of the moneys owing to the employees of the city who are represented in this suit by the plaintiffs, and the same are still due and owing together with interest thereon at the rate of 5 per cent. per annum from the 30th day of June, 1932, to the date of judgment herein."

The assignment, in part, reads as follows:

"Now, therefore, undersigned for one dollar and other valuable consideration to him/her in hand paid, does hereby and by these presents give, sell, transfer, set over and assign all of his/her right, title and interest to all of said claim in whatsoever amount, with interest, to Ed Thal, Earl Scott, Frances Comfort, Lawrence Stranahan, Clifford Moore, Frank X. Martel, Frank De Coster or their successors, as a committee."

In our opinion the assignment clearly assigns whatever interest the assignor has in his or her claim to plaintiffs and the declaration in unqualified terms states that the amount claimed is for both principal and interest. In *Patrons' Mutual Fire Insurance Co. of Michigan* v. *Helli*, 232 Mich. 446, we held that interest may be recovered, although it is not claimed or demanded in the declaration. See, also, *Hollingsworth* v. *Liberty Life Insurance Co. of Illinois*, 241 Mich. 675.

Defendants also urge that plaintiffs are only entitled to interest from May 11, 1943, the date of the commencement of suit, upon the theory that a claim against a municipality, although liquidated and due, does not draw interest until demand has been made for its payment.

In deciding this question the trial court stated:

"As I understand the law, even as applied to a municipal corporation, the law does not require, either individuals or corporate entities to indulge in idle ceremony, or, as one case that has been argued here uses the term, a useless or idle gesture. These people could have demanded from the house tops every day for five years, and they would have received nothing. The city and the board of education knew they did not have the money; they said so, and they said so by a legislative act. The legislative body of the city of Detroit announced we have no money to pay these teachers by ordinance 166C, and the board of education did the same thing by resolution. Under those circumstances, a demand is useless, futile and idle, and is not required.

"Assuming, although I do not so hold, that no demand was ever made,—I do not suppose that any of these assignors ever made a demand personally, unless maybe Miss Comfort might have sometime; but, acting through their federation of labor, which

represented them, as the proofs show, there is evidence in the record that at different times requests and demands were made that money be appropriated or set up in the budget to pay. But, passing that by, in my judgment, under the peculiar facts as undisputed on this record, as shown by this record, no demand was necessary."

In *Detroit Municipal Employees Ass'n.* v. *City of Detroit,* 310 Mich. 480, approximately 1,500 city employees assigned wage claims to plaintiff association which began action to recover a deduction from their pay during May and June, 1932. We there held that the cashing of reduced semimonthly pay checks of 1932 by city employees constituted no bar to the action; and that the subsequent payment in 1937 of part of the withheld amount waived or obviated the need of subsequent presentation for the remainder of the claims to the common council for audit. In our opinion no demand was necessary after the adoption by the board of education of the resolution of January 12, 1932. Under such circumstances a demand would have been an idle gesture and a useless formality. See, also, *Weinburgh* v. *Saier,* 303 Mich. 640.

It is also urged that the trial court was in error in denying the motion to dismiss the case against the city of Detroit, as a party defendant, upon the theory that plaintiffs' assignors were not in the employ of the city of Detroit, but were employees of the board of education of the city of Detroit.

The board of education of the city of Detroit is a corporation by virtue of the provisions of 2 Comp. Laws 1929, § 7277 (Stat. Ann. § 15.265).

In the charter of the city of Detroit under title 6 (finance and taxation), chap. 1, § 1 (as amended

September 9, 1930, in effect September 26, 1930), the following is provided:

"The various officers, departments, commissions and boards of the city created by law and this charter, or hereafter created, and required so to do by law, shall respectively transmit in duplicate to the city controller for compilation on or before the second day of January, in each year, their estimates of the amounts of money required for each activity within their respective departments for the ensuing fiscal year."

Under the above section, the board of education must submit to the city controller an annual budget. The amount of its requirements is levied with the regular taxes as a school tax and is not separated. The city is the only tax-raising authority in the city of Detroit for the city of Detroit and the taxes so raised pay the expenses and indebtedness - of the board of education. No funds are carried in the name of the board of education. The city issues the pay checks of the teachers. Under such circumstances the city is a proper party to this action.

The judgment is affirmed, with costs to plaintiffs.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.