BROW v. GIBRALTAR LAND CO.

1. VENDOR AND PURCHASER—BREACH OF CONTRACT—FAILURE TO CONSTRUCT IMPROVEMENTS—TIME.

In action to recover payments made on contract for sale of lot on ground of vendor's failure to construct improvements provided for in contract, defense that vendor has same length of time in which to construct improvements that vendee has in which to pay for lot, is not tenable, in view of provision in contract that time is of essence and giving vendee right to immediate possession.

2. SAME—LAW REQUIRES IMPROVEMENTS TO BE CONSTRUCTED WITHIN REASONABLE TIME.

In absence of provision in land contract for sale of lot fixing specific time within which vendor is to complete improvements provided for therein, the law requires them to be made within reasonable time.

3. SAME—RESCISSION—TENDER OF PAYMENT.

Where no notice of forfeiture had been given and contract was still in force, vendee had right to rescind for vendor's failure, within reasonable time, to construct improvements provided for therein and recover payments made without paying or tendering payment of unpaid portion of purchase price, notwithstanding vendee was in default in payments.

Error to Wayne; Moynihan (Joseph A.), J. Submitted January 8, 1930. (Docket No. 47, Calendar No. 34,351.) Decided March 6, 1930.

Assumpsit by Richard A. Brow against the Gibraltar Land Company, a Michigan corporation, to recover amounts paid on a land contract. From judgment for plaintiff, defendant brings error. Affirmed.

*Owen Rippey* (*Fred H. Aldrich,* of counsel), for plaintiff.

*Stevenson, Butzel, Eaman & Long,* for defendant.

North, J. Richard A. Brow brought suit against the Gibraltar Land Company, a Michigan corporation, to recover $406.87 paid to defendant as part of the contract price of a lot which plaintiff purchased of defendant. He had judgment, and defendant reviews by writ of error. Plaintiff based his right of recovery upon the failure of defendant to construct streets and bridges and to dredge certain canals, for which provision was made in plaintiff's contract to purchase. The defendant company had platted 300 acres of land, of which plaintiff's lot was a part. It had undertaken to make certain improvements on this subdivision, and an agreement so to do was embodied in the contracts under which lots were sold. While the defendant was engaged in making these improvements, Brownstown township, in which the land was located, filed a bill in equity and enjoined the prosecution of the work on the ground that the streets and bridges were not being properly constructed. The sale to plaintiff was made while this litigation was pending and the injunction in force. Plaintiff had no knowledge of this litigation or the outstanding injunction nor was he advised in any way relative thereto by defendant's agents through whom he contracted to purchase his lot on August 30, 1926. As noted above, work on the pro-

posed improvements had already been suspended, and nothing further was done to make these improvements in the vicinity of plaintiff's lot up to the time suit was instituted in October, 1928. Practically nothing seems to have been done by defendant to dispose of the litigation instituted by the township or to secure a dissolution of the injunction.

Plaintiff claims he purchased the property for the purpose of using it as a storage place for boats; but that he was entirely deprived of its use because it was wholly inaccessible on account of defendant's failure to construct the canals, streets, and bridges as provided in the contract. He testified that he repeatedly requested defendant to make these improvements, that defendant as often as approached promised the improvements would be made, but nevertheless nothing was done. Plaintiff's theory is that since this contract did not specify a definite time within which the defendant should make the improvements therein provided, the work should have been prosecuted with diligence and completed within a reasonable time; that since this was not done he had a right to rescind and to bring this suit to recover sums paid on the purchase price.

The defense is urged that plaintiff's agreement to pay for the lot in question and defendant's undertaking to make the improvements were dependent covenants, and since, under plaintiff's contract he was given five years within which to pay for the lot, it would follow that the defendant had a like period of five years within which to perform its part of the contract. The defense is also made that plaintiff could not rescind his contract to purchase without paying it in full. Presumably this is urged on the theory that one who is in default in his contract payments, as plaintiff was, has breached the contract

and for that reason will not be allowed to rescind. Neither of defendant's contentions is tenable. Plaintiff's contract provided "time is the essence of this contract," and that plaintiff had the right to immediate possession of the property. Had his purpose been to erect a dwelling on this lot rather than to use it as a storage place for boats, it would obviously be absurd to hold that defendant's contract as to constructing the streets and other means of approaching this property should be construed as not requiring performance until the full expiration of the five years within which the vendee contracted to make payment. In the absence of a provision fixing a specific time within which the defendant was to complete the improvements, the law requires them to be made within a reasonable time. *Greenwood* v. *Davis,* 106 Mich. 230, and *Reinforced Concrete Pipe Co.* v. *Boyes,* 180 Mich. 609.

The facts above stated clearly disclose defendant's failure to prosecute the construction of these improvements with reasonable diligence, and this breach of the contract by the defendant was such as justified rescission. *Lackovic* v. *Campbell,* 225 Mich. 1.

Plaintiff had the right to rescind without paying or tendering payment of the unpaid portion of the purchase price notwithstanding he was in default in his contract payments. There had been no notice of forfeiture. His contract was in force. Full performance thereof would merely have consisted in his paying more, and upon rescission the defendant would then have been required to repay to plaintiff a correspondingly larger sum. Plaintiff timely tendered a reconveyance of any interest he had acquired through his contract to purchase. In rescinding because of defendant's failure to perform, plain-

tiff acted within his legal rights. The judgment entered in the lower court is affirmed, with costs to the appellee.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.