ROSENTHAL *v.* TRIANGLE DEVELOPMENT CO.

1. Contracts—Breach—Rescission.

Rescission is permissible when there is failure to perform substantial part of contract or one of its essential items, or where contract would not have been made if default in that particular had been expected or contemplated.

2. Vendor and Purchaser—Breach of Contract—Rescission—Building Restrictions.

Where plaintiffs' lots, purchased on contract, with others, were restricted to single residence on one lot, and balance of lots could be used for flats, stores, or offices, substitution of one general restriction limiting whole subdivision to single residence on one lot, *held,* merely technical breach not warranting rescission by plaintiffs.

Appeal from Oakland; Gilbert (Parm C.), J., presiding. Submitted October 14, 1932. (Docket No. 95, Calendar No. 36,370.) Decided January 3, 1933.

Bill by Ben Rosenthal and another against Triangle Development Company, a Michigan corporation, to rescind a land contract. Bill dismissed. Plaintiffs appeal. Affirmed.

*Aaron Fellman,* for plaintiffs.

*Beaumont, Smith & Harris,* for defendant.

Clark, J. We have said that "the right * * * to live in a district uninvaded by stores, garages, business, and apartment houses is a valuable right" (*Signaigo* v. *Begun,* 234 Mich. 246); that "the right of privacy for homes is a valuable right," and "restrictions for residence purposes * * * are fa-

vored by definite public policy." *Johnstone* v. *Railway Co.*, 245 Mich. 65 (67 A. L. R. 373).

Plaintiffs complain of too much of a good thing. They purchased on executory land contracts two lots in a subdivision known as McGiverin-Haldeman's Huntington Woods Manor in Oakland county. These lots, in common with 563 other lots of the subdivision, were restricted to single residence. The remaining 377 lots could be used for flats, stores, or offices. Later there was substituted one general restriction limiting the whole subdivision to single residences. Alleging thereby breach of the contracts, plaintiffs filed bill to rescind, which, on motion, was dismissed. Plaintiffs have appealed.

The legal nature of these restrictions, reciprocal negative easements, is fully discussed in *Johnstone* v. *Railway Co.*, *supra*, and *Sanborn* v. *McLean*, 233 Mich. 227 (60 A. L. R. 1212).

This court has permitted rescission for mere breach of contract (see 9 C. J. p. 1181), but has not gone so far that the following from 6 R. C. L. p. 926, is not acceptable:

"It is not every partial failure to comply with the terms of a contract by one party which will entitle the other party to abandon the contract at once."

Rather rescission is permissible when there is a failure to perform a substantial part of the contract or one of its essential items, or where "the contract would not have been made if default in that particular had been expected or contemplated." 1 Black on Rescission and Cancellation (2d Ed.), p. 553.

The following are illustrative cases where rescission was had:

In *Brow* v. *Gibraltar Land Co.*, 249 Mich. 662, there was failure to construct agreed improvements,

a breach of a very essential term.   See note 67 A. L. R. 809.

In *Seymour* v. *Detroit C. & B. Rolling Mills,* 56 Mich. 117, the breach was of a substantial part of the contract, failure to elect as superintendent.

In *City of Grand Haven* v. *Grand Haven Waterworks,* 99 Mich. 106, there was failure to furnish quantity of water and pressure power contracted for, and no contract would have been made if such default had been contemplated.

The merely technical breach here alleged does not fall within the class where rescission is permitted. The bill states no case of equitable cognizance. Plaintiff may resort to action for damages, if any.

Affirmed.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.