PECZENIUK *v.* DANIELAK.

ACTION—FORECLOSURE—ASSUMPSIT—MISJOINDER OF CAUSES.

Upon abandonment of foreclosure suit by mortgagee, in which defendant mortgagors and their assignees filed cross-bills against each other asking for relief in the nature of *indebitatus* assumpsit, bill should have been dismissed and defendants remitted to actions at law in view of statute prohibiting joinder of legal and equitable causes of action (3 Comp. Laws 1929, § 13962).

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted June 3, 1936. (Docket No. 36, Calendar No. 36,814.) Decided October 5, 1936.

Bill by John Peczeniuk against Walter Danielak, Mike Skurko and wife and Frank Danielak and wife to foreclose a mortgage. Cross-bills by defendants Skurko against defendants Frank Danielak and wife and by defendants Frank Danielak and wife against defendants Skurko for an accounting and other relief. Case abandoned by plaintiff. From decree for defendants Skurko, defendants Frank Danielak and wife appeal. Bill dismissed.

*John J. Adamski,* for defendants Frank Danielak and wife.

WIEST, J. The bill herein was filed to foreclose a real estate mortgage, given plaintiff by defendants Skurko in April, 1927, but not placed of record until the following month of October. Defendants Danielak were made parties to the suit because of purchase of the premises from the mortgagors. Defendants Skurko, by cross-bill, asked for relief in the nature of *indebitatus* assumpsit against defendants Danielak growing out of dealings between them and, by like cross-bill, defendants Danielak asked for similar relief against the Skurkos. Plaintiff abandoned the foreclosure suit and the claims of defendants against each other were made the issues and resulted in a decree adjudging the Danielaks indebted to the Skurkos to the amount of $502.61, to be paid within 30 days or execution to issue. Defendants Danielak appealed.

When this case reached consideration we, *sua sponte,* called for briefs on the following question:

"In this suit to foreclose a mortgage, with foreclosure abandoned by the plaintiff, what jurisdiction did the court have to enter an assumpsit judgment upon claims of one defendant against the other, arising out of alleged agreements wholly foreign to the foreclosure suit?"

The issues between defendants were not of equity cognizance but solely at law, and the foreclosure suit could not be employed as a vehicle for making such issues anything else.

The statute, 3 Comp. Laws 1929, § 13962, forbids the joinder of legal and equitable causes of action by a plaintiff, and this by intendment and recognition of the distinction between the jurisdiction and procedure at law and in equity as well as by the long established practice forbids what was done in the instance at bar.

The bill to foreclose the mortgage, upon abandonment by the plaintiff, should have been dismissed and defendants remitted to actions at law. It is now so ordered, without costs.

North, C. J., and Fead, Butzel, Bushnell, Sharpe, and Toy, JJ., concurred. Potter, J., did not sit.