MONROE v. BIXBY.

1. PAYMENT—LIQUIDATED BALANCE—PARTIAL PAYMENT—CONSIDERA-
TION.
  A 1940 agreement to accept payment of less than the balance
  due on a liquidated demand is unenforceable, where without con-
  sideration (CL 1948, § 566.1).

2. VENDOR AND PURCHASER—IMPROVEMENTS—PAYMENT.
  Improvements by purchaser under land contract, made for her
  own benefit, did not constitute a payment in satisfaction of the
  balance due under the contract, where the contract permitted
  the purchaser to make improvements but there was no contract
  provision between the parties to the effect that the improve-
  ments should reduce the land contract payments.

3. SAME—DEFAULT—LIQUIDATED BALANCE.
  The entire unpaid balance due under a land contract became
  liquidated, due and unpaid upon plaintiff vendor's exercise
  of her option to declare due immediately all sums unpaid where
  the purchaser made default in payment.

4. PAYMENT—PARTIAL PAYMENT OF LIQUIDATED BALANCE—ESTOPPEL.
  A 1940 payment of less than the full amount of a past-due
  liquidated and undisputed debt, although accepted and receipt-
  ed for as in full satisfaction, is only to be treated as a partial
  payment, and does not estop the creditor from suing for and
  recovering the balance (CL 1948, § 566.1).

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 1 Am Jur, Accord and Satisfaction, §§ 39, 42; 12 Am Jur,
Contracts, § 89.
[1, 4] Rule that promise by creditor to accept, or acceptance of,
less than amount due on a liquidated indebtedness in discharge
of the whole is not binding upon creditor as regards unpaid
amount.  119 ALR 1123.
  Payment before maturity of part of liquidated and undis-
puted indebtedness as consideration for its acceptance in satis-
faction of entire debt.  24 ALR 1474.
[5] 3 Am Jur, Appeal and Error, § 823.
[6, 7] 1 Am Jur, Actions, § 88.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONTRACTS—RE-
LEASE—CONSIDERATION.

Claim that 1940 agreement to accept less than the amount due
for principal and interest on a land contract was void because
of the statute of frauds is not considered, where the agreement
was void because it was without consideration (CL 1948,
§§ 566.1, 566.108).

6. ACTION—JOINDER OF LEGAL AND EQUITABLE CAUSES OF ACTION.

Legal and equitable causes of action may not be joined (CL
1948, § 608.1).

7. EQUITY—FORECLOSURE OF LAND CONTRACT—ACTION FOR VALUE OF
PERSONALTY—JOINDER OF CAUSES OF ACTION.

A cause of action for the value of household goods may not be
joined with the suit to foreclose a land contract on the prem-
ises in which the household goods had been left when defend-
ant took possession (CL 1948, § 608.1).

Appeal from Kent; Verdier (Leonard D.), J. Sub-
mitted April 5, 1951. (Docket No. 32, Calendar No.
45,057.) Decided May 14, 1951.

Bill by Anna V. Monroe against Hazel May Bixby
to foreclose a land contract. Decree for defendant.
Plaintiff appeals. Reversed and remanded.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiff.

*Earl Glocheski (Robert B. Burns,* of counsel), for
defendant.

BOYLES, J. Plaintiff, the owner of a house and lot
on Clancy street in the city of Grand Rapids, on Sep-
tember 1, 1937, entered into a written land contract
to sell it to her daughter, the defendant, for $4,000.
$60.60* was paid on the purchase price and the bal-
ance of $3,039.40,* with interest at the rate of 6 per
cent. per annum, was to be paid in monthly instal-
ments of $30 or more per month the first year, then
$35 or more each month. Defendant's then husband

---

* Apparently an error in the record.

was also named as a vendee but some time later defendant and her husband were divorced and assignment of his interest in the contract was made to the defendant. Plaintiff shows that some time later defendant asked to have the monthly payments and the interest reduced. Plaintiff drew up a purported agreement which is as follows:

"AGREEMENT

"First party, Anna V. Wiley Monroe; second party, Hazel May Bixby;

"First party agrees to accept 5% interest on contract. The first party agrees to accept $30 a month payment instead of $35 a month. The first party agrees to give the second party a deed when the first party has received $2,500 from September 1, 1939.

"The second party is not to transfer the contract unless the first party agrees to the transfer.

"(S) MRS. ANNA V. WILEY MONROE

"Subscribed and sworn to before me this 5th day of November, 1940.

"(S) CATHARINE M. MAY,
"Notary Public,
"My comm. expires Nov. 23, 1940"

"(SEAL)

This paper was signed by plaintiff but not by defendant. After it was executed by the plaintiff, the defendant made monthly payments until January 25, 1950, when defendant refused to make further payments.

Plaintiff claims when the $2,500 was paid upon the contract she was to give a deed and have a mortgage to secure her for the balance of the $4,000 purchase price. Defendant claims that she was entitled to a deed after paying the $2,500 upon the contract and was under no obligation to pay the balance of the $4,000 purchase price.

When the contract showed an unpaid balance of $1,178.08, defendant refused to pay more, and plain-

tiff filed the instant bill of complaint praying for a foreclosure of the land contract and an accounting for certain furniture. She claimed that the aforesaid "agreement" was invalid because of lack of consideration and failure to comply with the statute of frauds. After a hearing on the merits, the court entered a decree dismissing plaintiff's bill of complaint but decreeing that there was $32.08 still due her on the contract and directing plaintiff to execute a deed to defendant upon payment of that amount, as prayed for by the defendant in her cross bill. Plaintiff appeals.

Assuming that defendant's position was supported by the proofs, and that the plaintiff had agreed to accept less than the full amount of the purchase price, such an agreement must be considered as unenforceable for lack of consideration. Plaintiff's claim of $1,178.08, balance of the purchase price and interest, was a liquidated demand, and any agreement to accept less than the full amount could not be considered as a compromise and settlement of an unliquidated or doubtful claim. The defendant makes no claim of having actually given the plaintiff any consideration for said "agreement," except to claim that subsequently the defendant made improvements on the property. They were made by the defendant for her own benefit. They did not constitute a payment to the plaintiff and there was no new agreement that plaintiff should reduce the land contract payments on account of improvements made by defendant. The land contract was not assignable by the vendee without the vendor's assent, and provided that the vendee might make improvements on the premises which should remain as added security, to be forfeited as stipulated damages for nonperformance. The contract also gave plaintiff the option to declare due immediately all sums unpaid, should default in payment be made. The entire unpaid bal-

ance became liquidated, due and unpaid, whereupon plaintiff filed the instant bill of foreclosure.

"Under the law in this State there is no doubt that a payment of less than the full amount of a past-due liquidated and undisputed debt, although accepted and receipted for as in full satisfaction, is only to be treated as a partial payment, and does not estop the creditor from suing for and recovering the balance." *People, for use of Zeeland Brick Co.,* v. *Fidelity & Deposit Co.,* 195 Mich 738.

"We have many times held that part payment of a past due, liquidated and undisputed claim, even though accepted in full satisfaction thereof, does not operate to discharge the debt but constitutes a payment *pro tanto* only." *Aston* v. *Elkow,* 279 Mich 232.

The purported "agreement" in this case was signed by plaintiff in 1940, hence, PA 1941, No 238 (CL 1948, § 566.1 [Stat Ann 1949 Cum Supp § 26.978 (1)]), effective January 10, 1942, does not apply.

"Prior to PA 1941, No 238 ([CL 1948, § 566.1], CLS 1945, § 13433-1, Stat Ann 1946 Cum Supp § 26.978[1]), it was settled law in this State that when the amount claimed was liquidated, a purported release for a lesser amount was without consideration and void." *Thal* v. *Detroit Board of Education,* 316 Mich 351.

We conclude that the claimed "agreement" to accept less than the amount due for principal and interest on the contract, being without consideration, was void. That being true, there is no occasion to consider the claim that it also was void because of the statute of frauds.*

Plaintiff claims that the defendant should pay for some furniture that plaintiff left in an apartment when plaintiff sold the place to the defendant and

---

* CL 1948, § 566.108 (Stat Ann § 26.908).

gave possession. We have examined the record and there is an absence of any proof that the defendant either purchased or promised to pay for any furniture. CL 1948, § 608.1 (Stat Ann § 27.591), prohibits the joining of legal and equitable causes of action. The court properly held that plaintiff's cause of action for the value of the household goods could not be joined with the foreclosure suit. *Peczeniuk* v. *Danielak*, 277 Mich 151.

The decree dismissing the bill of complaint is set aside and the case remanded for further action appropriate to the foreclosure, with costs to appellant.

REID, C. J., and NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred with BOYLES, J. BUSHNELL, J., concurred in the result.