VOWELS v. ARTHUR MURRAY STUDIOS OF MICHIGAN, INC.

1. PRINCIPAL AND AGENT—APPARENT AGENCY—LICENSEE—CONTRACT.
   Contract made by plaintiff with owner of dance studio, who was
   a licensee of defendant corporation operating under assumed
   name similar to that of defendant corporation, *held,* to be a
   contract between plaintiff and defendant, where plaintiff testi-
   fied that she believed she was dealing with licensor corporation,
   previous contract form used by defendant was headed with
   its name and signed by it indicating that the licensee was a
   branch, contract on which action was brought was signed by
   licensee giving his title as manager, a receipt for contract
   payment was made under a letterhead which was part of the
   corporate name, with the location of the licensee's studio
   written in on a blank for "studio", and a statement sent to
   plaintiff was under the same letterhead, followed by the
   address of the licensor corporation.

2. CONTRACTS—INTERPRETATION—ACTIONS OF PARTIES—PLACE OF
   PERFORMANCE.
   Finding of trial court that place of performance of contract
   between plaintiff and defendant by which plaintiff was to
   receive dancing lessons was a material aspect of the contract
   *held,* supported by the record which showed that plaintiff made
   the contract with a franchisee of the defendant who was
   acting as apparent agent of defendant in a certain city,
   plaintiff had been taking lessons for approximately 2 years
   before entering the contract sued on at agent's studio, and a
   notation regarding the contract in suit was made on a letter-
   head giving the agent's address, and a receipt for contract
   payment designated the agent's location as the "studio."

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur 2d, Agency § 19.
[2] 17 Am Jur 2d, Contracts § 331.
[3] 17 Am Jur 2d, Contracts § 411.
[4] 17 Am Jur 2d, Contracts § 424.
[5] 17 Am Jur 2d, Contracts § 519.

3. Same—Impossibility of Performance.

Contract made between plaintiff and defendant's apparent agent by which plaintiff was to receive dancing lessons at agent's studio, in which place of performance at agent's studio was a material term of contract, was rendered impossible of performance by closing of studio by the apparent agent, which defendant did not have power to stop.

4. Same—Impossibility of Performance—Excuse—Remedy.

Impossibility of performance of contract, caused by action of defendant's apparent agent which was beyond control of defendant, excused defendant from breach of the contract, but furnished ground for a rescission by which defendant was required to refund the consideration for the unused portion of the contract; a money judgment for plaintiff in such a case is to be regarded as a return of consideration rather than damages for breach of contract.

5. Same—Rescission—Interest.

Interest on monies to be returned to plaintiff upon rescission of a contract because of impossibility of performance by defendant should accrue from the date of demand for refund by plaintiff, but if the record contains no support for a conclusive finding as to date of demand, interest shall commence from the date of filing the action (CLS 1961, § 600.6013, as amended by PA 1966, No 276).

Appeal from Common Pleas Court of Detroit, Kent (George D.), J. Submitted Division 1 January 8, 1968, at Detroit. (Docket No. 3,078.) Decided July 23, 1968.

Declaration by Barbara (Butcher) Vowels against Arthur Murray Studios of Michigan, Inc., a Michigan corporation, for damages for breach of contract. Judgment for plaintiff. Defendant appeals. Remanded for entry of judgment for plaintiff consistent with opinion of the Court of Appeals.

*Koperski & Spires,* for plaintiff.

*Darden, Neef & Heitsch,* for defendant.

J. H. Gillis, J.   In September, 1961, plaintiff,
Barbara (Butcher) Vowels, contracted for dancing
lessons with the Arthur Murray Studio located in
Birmingham, Michigan.  The contract was for 139-½
hours of instruction for which plaintiff paid $1393.
Later in that same month the Birmingham studio
went out of business and plaintiff has not received
any instruction under her contract.  Refusing de-
fendant's offer to make comparable lessons available
at its Flint or Detroit studios, plaintiff brought this
action for breach of contract setting forth her dam-
ages in the amount of the contract price.   In a
nonjury trial in the common pleas court for the city
of Detroit, the court found that defendant had
breached its contract and adjudged that it respond
in damages in the above amount.  Defendant ap-
peals.

For approximately 2 years prior to entering into
the present contract plaintiff had been taking lessons
at the Birmingham studio.  All negotiations and
agreements over this period, present contract in-
cluded, were conducted and made with John H.
McNair.  Mr. McNair was in actuality the owner-
franchisee of the Birmingham studio as a sole pro-
prietor under the assumed name Arthur Murray
Studio of Birmingham.  The parent licensor and
defendant herein is Arthur Murray Studios of
Michigan, Inc., with whom plaintiff believed, accord-
ing to her own testimony, she was dealing.

Indeed, the exhibits which form part of this record
on appeal include a prior contract with this plaintiff
on a form entitled: "Arthur Murray Studios of
Michigan, Inc.—Enrollment Agreement and Con-
tract" and is signed by defendant corporation indi-
cating the Birmingham *Branch*.  A notation regard-
ing the present contract was made under the Bir-
mingham letterhead and signed by John H. McNair,

*Manager.* A receipt for the $1393 contract payment
is made under the letterhead Arthur Murray Studios
with the designation "Birmingham" written in on a
blank indicating "studio." Likewise a statement
sent to plaintiff was under the letterhead Arthur
Murray Studios, followed by the Washington Boule-
vard address of the defendant corporation.

The evidence establishes, and the trial court so
concluded, that the Birmingham location was a ma-
terial aspect of the contract and the discontinuance
of that location rendered the contract incapable of
being performed as agreed. Whatever the exact
legal relationship between the defendant and its
licensee, it is safe to conclude that plaintiff was
justified in believing she was dealing with an agent
of defendant rather than with a sole proprietor. We
agree that for this contract, Mr. McNair was acting
as an agent of defendant corporation and that the
terms of the contract between McNair and plaintiff
are likewise binding on defendant. *Moreschini* v.
*Regional Broadcasters of Michigan, Inc.* (1964), 373
Mich 496; *Michael* v. *Kircher* (1953), 335 Mich 566;
1 Michigan Law and Practice, Agency, § 63, pp 351–
353.

It is likewise a fair conclusion from the evidence
adduced at trial that the place of performance was
material to the contract. The past dealings between
plaintiff and McNair at Birmingham lead to a rea-
sonable inference that the term was within the con-
templation of McNair and plaintiff so that we cannot
say that the trial judge's findings to this effect are
clearly erroneous (GCR 1963, 517.1). While we do
not write contracts for the parties, we do interpret
their objective actions as manifesting an intention
which may form part of a written contract so long
as it is not inconsistent therewith. *W. J. Howard
& Sons, Inc.* v. *Meyer* (1962), 367 Mich 300; *Hull* v.
*Detroit Equipment Installation, Inc.* (1968), 12 Mich

App 532; *S.F.A. Studios* v. *Docherty* (1968), 12 Mich App 170.

Finding then support in the record for the conclusion that place of performance was material, we likewise find that McNair's closing the studio rendered performance impossible. The evidence indicates that although for contracting purposes defendant was represented by McNair, it could not stop McNair from closing the studio. Such finding does excuse defendant from breach but does require that defendant refund the consideration for the unused portion of the contract. 17 Am Jur 2d, Contracts § 424, pp 878, 879. In this case the amount due is $1393 since plaintiff had no lessons at Birmingham before that studio was closed. This is the same amount awarded by the trial judge. The only difference is that we treat the contract as rescinded* for failure of consideration rather than breached, and the award as a return of consideration rather than damages.

The trial judge added interest to the judgment in the amount of $312. We think the reasoning on this point found in *Kraus* v. *Arthur Murray Studios of Michigan, Inc.* (1965), 2 Mich App 130, is equally *apropos* in the present case. Interest should accrue from the date of demand for refund of the consideration. The trial judge should make a finding from the present record as to the date of demand. Absent

---

* " 'To rescind a contract is not merely to terminate it, but to abrogate and undo it from the beginning; that is, not merely to release the parties from further obligation to each other in respect to the subject of the contract, but to annul the contract and restore the parties to the relative positions which they would have occupied if no such contract had ever been made. Rescission necessarily involves a repudiation of the contract and a refusal of the moving party to be further bound by it. But this by itself would constitute no more than a breach of the contract or a refusal of performance, while the idea of rescission involves the additional and distinguishing element of a restoration of the status quo.' 1 Black on Rescission and Cancellation (2d ed.), § 1." *Wall* v. *Zynda* (1938), 283 Mich 260, 264.

support in the record for any conclusive finding, interest shall commence from the date of filing. CLS 1961, § 600.6013 as amended by PA 1965, No 240, and PA 1966, No 276 (Stat Ann 1968 Cum Supp § 27A.6013).

Remanded for entry of judgment consistent with this opinion. Costs to appellee.

QUINN, P.J., and HOLBROOK, J., concurred.