ADELL BROADCASTING CORPORATION v
APEX MEDIA SALES, INC

Docket Nos. 256285, 257050. Submitted November 9, 2005, at Detroit. Decided November 17, 2005, at 9:05 a.m.

Adell Broadcasting Corporation, doing business as WADL TV 38, and another brought an action in the Oakland Circuit Court against Apex Media Sales, Inc. (AMS), and its president, Dennis Hart, raising several claims related to the defendants' services as Adell Broadcasting's sales representative under an amended contract. The defendants counterclaimed for, among other things, rescission of the amended agreement, under which the defendants accepted $370,000 from the plaintiff as full satisfaction of commissions owed. Both parties sought partial summary disposition of the defendants' claim for rescission. The court, John J. McDonald, J., granted partial summary disposition for the defendants, concluding that the amended agreement failed for want of consideration and that the $370,000 constituted partial satisfaction of an undisputed debt, so AMS was not obligated to tender it back to the plaintiff. The court also denied the plaintiff's subsequent motion for reconsideration. The plaintiff appealed by leave granted the trial court's grant of partial summary disposition for the defendants and denial of the plaintiff's motion for reconsideration. The appeals were consolidated.

The Court of Appeals *held*:

1. The trial court erred in not applying MCL 566.1 to the amended agreement. That statute provides that an agreement made to change or modify, or to discharge in whole or in part, any contract shall not be invalid because of the absence of consideration if the agreement is in writing and signed by the party against whom the change, modification, or discharge is being enforced. In a bargained modification of a contract, there must be mutual assent for the modification, and a modification will be considered mutual if it is established through clear and convincing evidence of a written agreement establishing a mutual agreement to waive the terms of the original contract. MCL 566.1 is not limited to

contracts involving real or personal property. There was a bargained modification to the parties' agreement, and that modification was subject to MCL 566.1.

2. There was consideration for the amended agreement. The fact that the parties considered it to their advantage to modify the contract is sufficient consideration; no other consideration for the amended agreement was necessary. Continuation of the business relationship under the new agreement was additional consideration. After the amended agreement, nothing in the record revealed that the plaintiff hired another marketing firm to handle its business, rejected business obtained by AMS, or interfered with the ability of AMS to obtain business for WADL TV 38.

Reversed and remanded for further proceedings.

1. CONTRACTS — AMENDMENTS — LACK OF CONSIDERATION.

An agreement made to change or modify, or to discharge in whole or in part, any contract, not just those relating to real property or personal property, shall not be invalid because of the absence of consideration if the agreement is in writing and signed by the party against whom the change, modification, or discharge is being enforced (MCL 566.1).

2. CONTRACTS — AMENDMENTS — CONSIDERATION.

Sufficient consideration for an amendment of a business contract may be found in the fact that the parties considered it to their advantage to modify the contract or in the continuation of the business relationship under the amended agreement.

*Hyman Lippitt, P.C.* (by *Norman L. Lippitt, Julie Lyons Kosovec,* and *Daniel J. McCarthy*), for Adell Broadcasting Corporation.

*Honigman Miller Schwartz & Cohn LLP* (by *Norman C. Ankers, Ruth E. Zimmerman,* and *Eric J. Eggan*) for Apex Media Sales, Inc.; and Dennis Hart.

Before: DAVIS, P.J., and FITZGERALD and COOPER, JJ.

PER CURIAM. In these consolidated appeals, plaintiff Adell Broadcasting Corporation, doing business as WADL TV 38, appeals by leave granted the trial court's

opinions and orders granting partial summary disposition for defendants on their counterclaim for rescission and denying plaintiff's motion for reconsideration. We reverse.

Between 1993 and 2002, defendant Apex Media Sales, Inc. (AMS), was plaintiff's exclusive media representative for national religious and secular broadcast spot and program sales. Several months before the parties ended their relationship, Kevin Adell, plaintiff's president, expressed dissatisfaction with the representation by AMS. He believed that the AMS sales staff was not selling available air time for full value and that AMS personnel, including its president, defendant Dennis Hart, were not available and responsive to plaintiff's needs. AMS and Hart were also dissatisfied with the relationship because plaintiff owed them outstanding commission payments. On February 26, 2002, the parties amended their agreement in an attempt to save the relationship. The parties agreed that plaintiff owed $568,461 in commissions, but AMS would consider an immediate payment of $370,000 as full satisfaction of all commissions owed through December 2001. The parties also agreed that the commission rate for AMS would decrease from 15 percent to 10 percent, that there would be a 30-day termination provision to end the business relationship, and that plaintiff would pay commissions to AMS on 30-day terms. The parties thereafter continued dealing with each other, but their problems did not abate. In April 2002, they severed the relationship.

Plaintiff, and a related company[1] that also dealt with AMS, filed suit against AMS and Hart, alleging several causes of action. Defendants filed a countercomplaint

[1] World Religious Relief, Inc., doing business as Word Network, is not a party to this appeal.

seeking, among other things, rescission of the amended agreement. Plaintiffs sought partial summary disposition on that claim, arguing that defendants were barred from seeking rescission because they did not tender back the $370,000. The trial court found that the $370,000 constituted partial satisfaction of an undisputed debt, so defendant was not obligated to tender it back. Defendants later moved for partial summary disposition on the same claim. The trial court granted the motion, finding that there was no consideration for the amended agreement, and it ordered defendants to amend their countercomplaint to include a claim that the amended agreement was void for lack of consideration. The trial court later denied plaintiffs' motion for reconsideration of its order granting partial summary disposition.

Adell Broadcasting Corporation (hereafter plaintiff) first argues that the trial court erred by refusing to apply MCL 566.1 to the amended agreement. We agree. MCL 566.1 provides:

> An agreement hereafter made to change or modify, or to discharge in whole or in part, any contract, obligation, or lease, or any mortgage or other security interest in personal or real property, shall not be invalid because of the absence of consideration: Provided, That the agreement changing, modifying, or discharging such contract, obligation, lease, mortgage or security interest shall not be valid or binding unless it shall be in writing and signed by the party against whom it is sought to enforce the change, modification, or discharge.

The goal of statutory interpretation is to determine and give effect to the intent of the Legislature, and the courts must enforce unambiguous statutory language as it is written. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003).

Defendants argue that MCL 566.1 only applies to contracts involving real or personal property. We disagree. It is a common grammatical rule of construction that a modifying clause will be construed to modify only the last antecedent unless some language in the statute requires a different interpretation. *Stanton v Battle Creek*, 466 Mich 611, 616; 647 NW2d 508 (2002). MCL 566.1 addresses the amendment, modification, or discharge of several different legal documents, the last of which is "any mortgage or other security interest in personal or real property." The phrase "in personal or real property" grammatically modifies "mortgage or other security interest." It would be contrary to the plain meaning of the statute and rules of statutory construction to read the modifying phrase "in personal or real property" to modify "any contract, obligation or lease."[2]

We disagree with defendants that *In re Certified Question (Bankey v Storer Broadcasting Co)*, 432 Mich 438, 448 n 11; 443 NW2d 112 (1989), supports their position that MCL 566.1 applies only to cases involving real or personal property, because in that case our Supreme Court specifically declined to address the applicability of MCL 566.1. Nor does *Yerkovich v AAA*, 461 Mich 732; 610 NW2d 542 (2000), compel a different

---

[2] This Court and our Supreme Court have reached consistent decisions. See *Buck v Northern Dairy Co*, 364 Mich 45, 49; 110 NW2d 756 (1961), *Scholz v Montgomery Ward & Co, Inc*, 437 Mich 83, 89-90; 468 NW2d 845 (1991), and *Hayes-Albion Corp v Kuberski*, 108 Mich App 642, 650; 311 NW2d 122 (1981), rev'd in part on other grounds 421 Mich 170 (1985). See also *Thal v Detroit Bd of Ed*, 316 Mich 351; 25 NW2d 215 (1946) (indicating that when the amount of a claim was liquidated, a release for a lesser amount had been without consideration and void before, but not after, enactment of MCL 566.1), and *Industrial Steel Stamping, Inc v Erie State Bank*, 167 Mich App 687, 695; 423 NW2d 317 (1988) (agreeing with the trial court that MCL 566.1 obviated the need for consideration in a case involving an agreement unrelated to real or personal property).

conclusion. In *Yerkovich,* the plaintiff was required to sign a second agreement imposing additional obligations in order to receive what she was owed under the first agreement. The defendant had a preexisting duty to the plaintiff under the first contract, so the plaintiff was not required to assume additional obligations to receive what she was already owed. We are not presented with an issue of preexisting duty here.

In this case, there was a bargained modification to the parties' agreement. It is axiomatic that parties to a contract may contract to modify the contract by a later agreement. *Quality Products & Concepts Co v Nagel Precision, Inc,* 469 Mich 362, 372-373; 666 NW2d 251 (2003). There must be mutual assent for the modification, and a modification will be considered mutual if it is established through clear and convincing evidence of a written agreement establishing a mutual agreement to waive the terms of the original contract. *Id.* In this case, the parties waived certain terms of their original agreement in a signed writing. In doing so, the parties considered the changes to their advantage. The fact that parties consider it to their advantage to modify their agreement is sufficient consideration. *Buck v Northern Dairy Co,* 364 Mich 45, 49; 110 NW2d 756 (1961); MCL 566.1. No other consideration for the amended agreement was necessary.

We nevertheless find additional bargained consideration in this case. The trial court relied on *Cochran v Nat'l Cas Co,* 261 Mich 273; 246 NW 87 (1933), and *Leeson v Anderson,* 99 Mich 247, 248; 58 NW 72 (1894), holding that an agreement to discharge the whole debt on payment of only part is inoperative for a lack of consideration. However, partial payment on an undisputed debt may constitute satisfaction of the entire debt on valid consideration. See *Tanner v Merrill,* 108 Mich

58, 60; 65 NW 664 (1895); *Monroe v Bixby*, 330 Mich 353, 357; 47 NW2d 643 (1951). If consideration exists, the rule that partial payment on an undisputed debt cannot satisfy the whole debt does not apply. Our review of all the pleadings, arguments, and submitted deposition testimony shows that the parties' continuation of their business relationship was consideration for the amended agreement. Because there was consideration, it is possible that the partial payment discharged the entire debt. The trial court has not yet decided this issue. Its ruling that the amended agreement failed for want of consideration requires reversal.

Defendants argue in the alternative that plaintiff's failure to pay for services constituted a complete failure of consideration, which would independently warrant rescission of the amended agreement. *Vowels v Arthur Murray Studios of Michigan, Inc*, 12 Mich App 359, 363; 163 NW2d 35 (1968). There is no enforceable contract where there is a failure of consideration. *Frieburger v Dep't of Mental Health*, 161 Mich App 316, 320; 409 NW2d 821 (1987). Although not decided by the trial court, the issue was presented and we may affirm on an alternative ground for summary disposition. *Pro-Staffers, Inc v Premier Mfg Support Services, Inc*, 252 Mich App 318, 322; 651 NW2d 811 (2002). The burden of proving failure of consideration is on the party asserting it. *Turner v Peoples State Bank*, 299 Mich 438, 450; 300 NW 353 (1941) (BOYLE, J., concurring). We do not find that defendants have met this burden.

Black's Law Dictionary (5th ed) defines "failure of consideration" as follows:

> As applied to notes, contracts, conveyances, etc., this term does not necessarily mean a want of consideration, but implies that a consideration, originally existing and good, has since become worthless or has ceased to exist or

been extinguished, partially or entirely. It means that sufficient consideration was contemplated by the parties at time contract was entered into, but either on account of some innate defect in the thing to be given or nonperformance in whole or in part of that which the promisee agreed to do or forbear nothing of value can be or is received by the promisee. It occurs where the thing expected to be received by one party and given by the other party cannot be or has not been given without fault of the party contracting to give it. [Citation deleted.]

Black's Law Dictionary (8th ed), p 632, defines "total failure of consideration" as "[a] situation in which the contract is indivisible so that a complete lack of consideration voids the contract" and notes that the term is misleading in that it really refers to a failure of *performance*.

In *Vowels*, we rescinded the parties' contract for failure of consideration because the expected consideration could not be provided, and the defendant was excused from performance by the facts of the case. *supra*, p 363. The plaintiff and the defendant's agent entered into an agreement for dance lessons for which the plaintiff paid money, but the agent closed the dance studio before the lessons were provided. The closing of the dance studio made performance of the parties' contract impossible. *Id.* The impossibility of performance of the consideration required the remedy of rescission rather than an action for breach of contract. Similarly, our Supreme Court impliedly equated a complete failure of consideration with impossibility, or at least ineffectuality, of performance. *Baith v Knapp-Stiles, Inc,* 380 Mich 119, 126; 156 NW2d 575 (1968). Failure of consideration warranting rescission is different from, and greater than, a mere breach of contract warranting an action for damages. See *Abbate v Shelden Land Co,* 303 Mich 657, 666; 7 NW2d 97 (1942). "Rather rescission is permissible when there is failure

to perform a substantial part of the contract or one of its essential items, or where 'the contract would not have been made if default in that particular had been expected or contemplated.' " *Rosenthal v Triangle Dev Co*, 261 Mich 462, 463; 246 NW 182 (1933), quoting 1 Black, Rescission and Cancellation (2d ed), p 553.

Here, the consideration for the amended agreement was the continuation of the parties' business relationship. After the amendment was made, plaintiff actively contacted potential clients and asked them to deal with Hart, and AMS continued to represent WADL TV 38. Nothing in the record reveals that plaintiff hired another marketing firm to handle the business of WADL TV 38, rejected business obtained by AMS, or interfered with the ability of AMS to obtain business for WADL TV 38. The parties continued their business relationship, so there is no question of material fact that there was no failure of consideration. Defendants' breach of contract claim is the appropriate vehicle for resolving plaintiff's failure to pay defendants' claimed outstanding commissions since the amended agreement.

Reversed and remanded. We do not retain jurisdiction.