# STATE OF MICHIGAN

# COURT OF APPEALS

JUDITH COLE,

Plaintiff-Appellant,

v

DAVID JARDINE and CLAUDIA JARDINE,

Defendants-Appellees.

UNPUBLISHED
March 24, 2016

No. 325632
Tuscola Circuit Court
LC No. 13-027984-NO

Before: K. F. KELLY, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting summary disposition in favor of defendants in this case involving premises liability. The trial court erred as to the legal basis on which to grant summary disposition, however, for the reasons set forth in this opinion, we affirm the trial court's grant of summary disposition.

## I. BACKGROUND

Plaintiff is the girlfriend of defendant Claudia Jardine's brother, Barry Popp. Plaintiff and Popp own approximately 40 acres and within those 40 acres leased one acre of land to defendants in 1990. Defendants placed a trailer home on the leased property, which was visible from plaintiff's home. Defendants utilized the trailer home sporadically and did not use it as a permanent residence. In 2007, plaintiff and defendants had a falling out over the ownership of the lease property, and as a consequence, defendants stopped visiting the trailer home. There was some testimony that plaintiff was asked by defendants to watch over the trailer in order to prevent break-ins when defendants were not present. According to deposition testimony, this "arrangement" was allegedly pursuant to a request defendants made when they first moved the trailer onto the property. Popp also maintained the lawn and shoveled snow on the leased property in order to make it appear occupied. This was also purportedly at the request of defendants. In October 2011, plaintiff went to check the security of defendants' trailer home because she suspected a break-in and observed that a vehicle had entered and exited the premises. She suffered injuries when the stairs leading to the porch of defendant's trailer collapsed.

Plaintiff filed a complaint alleging ordinary negligence, and defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). Defendants argued that

-1-

plaintiff's claim actually sounded in premises liability, and that they did not breach any duty owed to plaintiff as a trespasser or licensee. Defendants further asserted that any defect in the stairs was open and obvious if the stairs were visibly deteriorated, and they had no notice of any defect if it was latent because they had not visited the property since 2007. In response, plaintiff argued that summary disposition was premature because discovery was not over, she had yet to take defendants' depositions, and she had an outstanding discovery request. Plaintiff further asserted that issues of fact regarding whether defendants had possession and control over the premises were present at the time of the trial court's grant of summary disposition.

The trial court denied defendant's motion under MCR 2.116(C)(8), but it granted defendant's motion under (C)(10).[1] The trial court determined that plaintiff's claim sounded in premises liability rather than negligence, but it held that not enough evidence was presented to determine plaintiff's legal status or the condition of the allegedly defective stairs. Instead, the court determined that summary disposition was proper because defendants did not visit the property since 2007 and, therefore, gave up the requisite dominion and control over the property required for a premises liability claim. Plaintiff filed a motion for reconsideration that cited evidence taken from defendants' newly taken depositions, but the trial court denied the motion. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a grant of a motion for summary disposition under MCR 2.116(C)(10). *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). The motion "tests the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id*. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). When reviewing a motion for summary disposition under MCR 2.116(C)(10), we consider "affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Greene v A P Prods, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006) (internal quotation marks and citations omitted).

## III. ANALYSIS

Plaintiff first argues that the trial court erred in granting defendant's motion for summary disposition on the ground that defendants relinquished the necessary dominion and control over the premises. Plaintiff's assertions are correct; the trial court did err in concluding as a matter of law that defendants relinquished the requisite control of the property necessary to sustain a premises liability action. "In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3)

---

[1] We note that defendant's brief mentioned but did not address summary disposition under MCR 2.116(C)(7), and the trial court's order did not address MCR 2.116(C)(7).

the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). Additionally, premises liability is "conditioned upon the presence of both possession and control over the land." *Kubczak v Chem Bank & Trust Co*, 456 Mich 653, 660; 575 NW2d 745 (1998). The "unity of possession and control . . . is dispositive." *Merritt v Nickelson*, 407 Mich 544, 553; 287 NW2d 178 (1980).

In the context of a premises liability action, the terms "possession" and "control" have been defined as follows:

> Black's Law Dictionary (7th ed) defines "possession," in this context, as "[t]he right under which one may exercise control over something to the *exclusion of all others*" (emphasis added). . . . *Random House Webster's College Dictionary* (1995), p 297, defines "control" as "exercis[ing] restraint or direction over; dominate, regulate, or command." Similarly, Black's Law Dictionary defines "control" as "the power to . . . manage, direct, or oversee." [*Derbabian v S & C Snowplowing, Inc*, 249 Mich App 695, 703-704; 644 NW2d 779 (2002).]

Here, there was a question of fact regarding whether defendants retained possession and control of the property. Neither party disputes that defendants maintained the lease on the property and had legal possession of the property.[2] Therefore, the present dispute presents this Court with the question of whether defendants exercised control over the property. Plaintiff's testimony indicated that defendants stopped visiting the trailer home in 2007, and the cause of action arose in October 2011. Thus, defendants had not been to the property for approximately four years. The trial court held that defendants' years-long absence effectively surrendered the type of dominion and control required to establish premises liability. The trial court also noted that plaintiff and Popp maintained and monitored the grounds surrounding the trailer because defendants were not exercising control over the property.

Yet, plaintiff testified that Popp cut the grass and shoveled the snow on defendants' property at Claudia's request so that the trailer would appear occupied. She testified that Claudia made this request "[r]ight from the beginning," which presumably meant the beginning of the lease in 1990. She also averred that defendants asked her to watch the trailer when they were not present to prevent break-ins beginning in 1990. She further averred that defendants never retracted these requests. Viewed in the light most favorable to plaintiff, this evidence creates a question of fact regarding whether defendants maintained control of the property by requesting that plaintiff and Popp maintain and watch the property in their absence. Consequently, the trial court erred when it determined as a matter of law that defendants relinquished control of the property. Because we find that the trial court erred in this determination, we need not reach plaintiff's other arguments relating to the propriety and timing of the trial court's grant of summary disposition based on this issue.

---

[2] The exact nature and extent of the lease, not being necessary to decide this matter, remain somewhat unclear.

Notwithstanding the trial court's error, summary disposition was appropriate on alternative grounds that were presented to the trial court. On appeal, this Court can affirm summary disposition on alternative grounds presented to the trial court. *Adell Broadcasting v Apex Media Sales*, 269 Mich App 6, 12; 708 NW2d 778, (2005). Defendants argue on appeal that plaintiff was either a trespasser or licensee, and in either case, plaintiff failed to put forth any facts on which the trial court could make a finding that defendants breached its duty to plaintiff. It is well-settled that "[A] landowner's duty to a visitor depends on that visitor's status." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). Our Supreme Court defined a licensee and the appropriate standard of care as follows:

> A "licensee" is a person who is privileged to enter the land of another by virtue of the possessor's consent. A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved. The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit. . . . [*Id.*]

Viewing the evidence in the light most favorable to plaintiff, she was a licensee that had defendants' implied permission to enter onto the property to watch over it and protect it from break-ins.[3] Even assuming that plaintiff was a licensee, defendants owed no duty to inspect or make the premises safe. Instead, defendants only had a duty to warn of hidden dangers that they knew or had reason to know about if the licensee did not know or have reason to know of the dangers. Plaintiff adduced no evidence that defendants knew or should have known about the allegedly deteriorating stairs. In fact, defendants produced plaintiff's own testimony that defendants had not visited the property since 2007. Therefore, defendants could not know or

---

[3] We are mindful that in the trial court plaintiff asserted that she was an "invitee" because defendants' request that she watch over the property came "around the time of negotiating the lease," which indicated a business purpose. However, in order to establish invitee status and the accompanying higher duty of care, a plaintiff must "show that the premises were held open for a commercial purpose." *Stitt*, 462 Mich at 604. Further our Supreme Court stated that: "It is the owner's desire to foster a commercial advantage by inviting persons to visit the premises that justifies imposition of a higher duty. In short, we conclude that the prospect of pecuniary gain is a sort of quid pro quo for the higher duty of care owed to invitees. Thus, we hold that the owner's reason for inviting persons onto the premises is the primary consideration when determining the visitor's status: In order to establish invitee status, a plaintiff must show that the premises were held open for a *commercial* purpose." *Id.* Plaintiff never adduced evidence that defendants held open the property for a commercial purpose, or otherwise paid her or Popp for maintaining or watching over the property. Therefore, was no evidence presented from which this Court could conclude that plaintiff satisfies our Supreme Court's definition of "invitee" as announced in *Stitt*. Additionally, if plaintiff was a trespasser and entered without permission, then defendants only owed a duty to refrain from injuring her by willful and wanton misconduct. *Id.* at 596.

-4-

have reason to know about the allegedly deteriorating stairs. Plaintiff could not demonstrate that defendants breached any duty, which negates her premises liability claim.

Plaintiff also argues that summary disposition in this matter was premature. We disagree with plaintiff's assertion that summary disposition is premature, particularly under the holding set forth by this Court. Generally, summary disposition is premature if granted before discovery on a disputed issue is complete. *Dimondale v Grable*, 240 Mich App 553, 566; 618 NW2d 23, lv den 463 Mich 943 (2000). "However, the mere fact that the discovery period remains open does not automatically mean that the trial court's decision to grant summary disposition was untimely or otherwise inappropriate." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234, lv den 485 Mich 880 (2009), recon den 485 Mich 1013 (2009). "The question is whether further discovery stands a fair chance of uncovering factual support for the opposing party's position." *Id*.

By plaintiff's own admission, defendants had not visited the trailer since 2007. Consequently, further discovery did not "stand a fair chance" of uncovering information that would show that defendants knew or should have known about the allegedly deteriorating stairs. Absent such a showing, plaintiff could not recover as a licensee. Further, plaintiff's motion to compel discovery related to requests for receipts from utilities, taxes, and insurance paid in relation to the leased property. Those items might have related to defendants' possession and control of the premises, but they are immaterial to the issue of defendants' knowledge of the allegedly defective stairs.

Affirmed. No costs are awarded. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ Stephen L. Borrello