# STATE OF MICHIGAN

# COURT OF APPEALS

NAKETTA WARD,

        Plaintiff-Appellant,

and

UNITED REHABILITATION SERVICES,
L.L.C.,

        Intervening Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
September 15, 2016

No. 327018
Wayne Circuit Court
LC No. 14-005067-NF

Before: CAVANAGH, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

In this insurance action involving injuries sustained in an automobile accident, plaintiff appeals the trial court's order that granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10).[1] For the reasons provided below, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff filed suit against defendant under the no-fault insurance act, MCL 500.3101 *et seq.*, and alleged that defendant failed to pay personal protection insurance (PIP) benefits following a September 29, 2013, automobile accident. Plaintiff sought PIP benefits for medical expenses, attendant care, replacement services, and lost wages. Plaintiff's instant suit (LC No. 14-005067-NF) was consolidated at the trial court with another lawsuit (LC No. 13-015965-NI) that she previously filed against an uninsured motorist involved in the accident.

---

[1] Intervening plaintiff's claims were dismissed by the trial court and are not pertinent to this appeal.

-1-

Defendant initially filed two motions for partial summary disposition pursuant to MCR 2.116(C)(10). In the first motion, defendant argued that plaintiff was not entitled to wage-loss benefits because she was fired for misconduct rather than an accident-related disability or injury. In the second motion, defendant argued that plaintiff was not entitled to attendant-care and replacement-services expenses because (1) she testified that she did not require attendant care and (2) the alleged service provider, Ashley Wutzke, testified that she did not provide any cleaning services to plaintiff. The trial court granted both motions.

Defendant then filed a third motion for summary disposition, concerning the remaining claim related to medical expenses. Defendant asserted that the insurance policy coordinated medical care with plaintiff's health insurer, Blue Cross Blue Shield of Michigan (BCBSM), which was primarily responsible for medical expenses incurred by plaintiff. Defendant argued that plaintiff had provided no evidence that there were outstanding medical expenses not already paid for by BCBSM. Plaintiff responded by producing what she maintained was documentary evidence of copayments not covered by BCBSM. She also claimed that there were additional copayments for which she did not yet have evidence.

Defendant filed a fourth motion for summary disposition and argued that the insurance policy in issue provided no coverage at all where a person covered under the policy makes false representations with the intent to conceal or misrepresent any material fact in connection with an insurance claim. Defendant asserted that plaintiff made false representations about replacement services because the alleged service provider testified that she never provided services to plaintiff. Further, defendant asserted that plaintiff misrepresented her claim for lost wages because she was fired for misconduct, not because of an accident-related injury.

At the motion hearing, the trial court granted defendant's fourth motion for summary disposition because plaintiff made false statements to defendant. Having disposed of plaintiff's last pending claim, the trial court declined to address defendant's other outstanding motion related to the merits of the medical-expenses claim.

Plaintiff filed a claim of appeal relating to the instant trial court case (LC No. 14-005067-NF) and also appealed from LC No. 13-015965-NI. This Court initially consolidated the two appeals,[2] but later vacated the order of consolidation[3] and dismissed the appeal relating to the uninsured motorist for lack of jurisdiction because the order appealed was not a final order.[4]

II. ANALYSIS

---

[2] *Ward v State Farm Mut Auto Ins Co*; *Ward v Woodruff*, unpublished order of the Court of Appeals, entered July 29, 2015 (Docket Nos. 327018 & 328527).

[3] *Ward v State Farm Mut Auto Ins Co*; *Ward v Woodruff*, unpublished order of the Court of Appeals, entered October 9, 2015 (Docket Nos. 327018 & 328527).

[4] *Ward v Woodruff*, unpublished order of the Court of Appeals, entered September 9, 2015 (Docket No. 328527).

Plaintiff argues on appeal that the trial court erred when it granted summary disposition in favor of defendant based on the finding that she made misrepresentations in connection with her insurance claim. We disagree. We also note that the sole claim before us is plaintiff's claim for medical benefits. Plaintiff's other claims were dismissed by the trial court in previous orders, and plaintiff failed to appeal or challenge any of those prior rulings.

A.

We review a grant of a motion for summary disposition de novo. *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). A motion under MCR 2.116(C)(10) tests the factual support for a claim, *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004), and should only be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). In reviewing a motion under this subrule, "this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh*, 263 Mich App at 621.

Further, we review the interpretation of an insurance contract, just like any other contract, de novo. *Healing Place at North Oakland Med Ctr v Allstate Ins Co*, 277 Mich App 51, 55; 744 NW2d 174 (2007). In doing so, "[w]e look at the language of the insurance policy and interpret its terms in accordance with the principles of contract construction. Where there is no ambiguity, an insurance contract must be enforced as written in accordance with its terms." *Allstate Ins Co v Muszynski*, 253 Mich App 138, 141; 655 NW2d 260 (2002) (citation omitted).

B.

The trial court granted defendant's motion for summary disposition on the claim for medical benefits based on the insurance policy provision that states, "There is no coverage under this policy if you or any other person insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy." (Emphasis omitted.)

Plaintiff contends on appeal that defendant cannot prevail on this basis because it never proved that it relied on any of plaintiff's misrepresentations. Plaintiff cites to *Dehring v Northern Mich Exploration Co, Inc*, 104 Mich App 300, 307; 304 NW2d 560 (1981), which is a case that addresses the equitable remedy of rescission, for the proposition that the one seeking to void a contract must demonstrate that it relied on the other party's false statement. But the instant case does not involve any equitable remedies or traditional defenses to a contract. Instead, this appeal simply involves the interpretation of the insurance contract's plain terms, which provides that "[t]here is no coverage under th[e] policy" if the insured "made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy." Hence, the contract's plain terms control and do not mention that defendant must have relied on any false statements. Thus, plaintiff's position

-3-

that defendant must also establish some detrimental reliance in order to invoke this provision lacks merit.[5]

Plaintiff also contends that the trial court improperly made a credibility determination when it allegedly credited the deposition testimony of the purported service provider and discredited plaintiff's testimony. Plaintiff testified that her friend, Ashley Wutzke, came to her home literally every single day from September 30, 2013, until February 2, 2014, to perform services, such as cleaning, washing, and driving plaintiff. But when deposed, Wutzke testified that she *never* cleaned plaintiff's home and only took plaintiff shopping and drove her to appointments. While "[t]he court is not permitted to assess credibility, or to determine facts on a motion for summary judgment," *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994), it is clear that reasonable minds would find this blatant inconsistency fatal to plaintiff's claim, see *Bahri*, 308 Mich App at 425-426 (holding that "reasonable minds could not differ in light" of evidence that clearly contradicted the plaintiff's assertions that she required replacement services).

Moreover, assuming arguendo that the above, clear dichotomy between plaintiff's testimony and Wutzke's testimony is insufficient under a motion for summary disposition to show that plaintiff made a false statement in an attempt to conceal a material fact from defendant, plaintiff also made other statements that warrant judgment in favor of defendant. Plaintiff asserted that she was entitled to wage-loss benefits because, although she did not want to, she "had to" leave work "because of the accident." But the documentary evidence contradicts plaintiff's assertion. Defendant produced plaintiff's records from her daycare employer, which described a series of warnings for the failure to adhere to company policy that ultimately led to

---

[5] This Court's decision in *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420; 864 NW2d 609 (2014), also is instructive. In *Bahri*, the plaintiff was barred from recovering on the insurance policy because the evidence left no doubt that she "made fraudulent representations for purposes of recovering PIP benefits." *Id.* at 426. Although the insurance policy in *Bahri* stated that there was no coverage "for any insured who has made *fraudulent* statements or engaged in *fraudulent* conduct in connection with any accident or loss for which coverage is sought under this policy," *id.* at 423-424 (emphasis added), the insurance company defendant did not have to prove reliance, *id.* at 424-426, citing *Mina v Gen Star Indemnity Co*, 218 Mich App 678, 686; 555 NW2d 1 (1996), rev'd in part on other grounds 455 Mich 866 (1997). Thus, although common-law fraud requires a showing of detrimental reliance, *Zaremba Equipment, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 38-39; 761 NW2d 151 (2008), under an insurance policy with language similar to the contract at issue here, reliance need not be proved.

We note that the case at bar is not as complex as *Bahri* because the policy language here does not include the legal term "fraudulent." Regardless, the bottom line is that even when a policy requires a showing of fraud to bar coverage under the contract, no reliance is required. And here, the contract did not require a showing of "fraud," but only that plaintiff made a false statement with the intent to conceal a material fact related to a claim.

-4-

her termination.[6]  Due to this clear documentary evidence, reasonable minds could not differ on the conclusion that plaintiff made a false statement with the intent to conceal a material fact from defendant in relation to her wage-loss claim.  See *id.*  Therefore, pursuant to the contract's plain terms, "[t]here is no coverage under th[e] policy," and defendant was entitled to summary disposition.  Notably, *all* coverage is forfeited under the policy if a false statement was made "in connection with *any* claim under this policy."  (Emphasis added.)  Therefore, plaintiff's false statement in connection with her wage-loss claim voids all coverage under the policy, including her claim for medical benefits.  Accordingly, were we to hold that the trial court impermissibly engaged in making credibility determinations when it ruled that plaintiff's statement that Wutzke provided replacement services was false, we affirm on the alternate ground that plaintiff made a demonstrably false statement—based on documentary evidence instead of mere conflicting testimony—related to why she was terminated from her job.  See *id.*; *Adell Broadcasting v Apex Media Sales*, 269 Mich App 6, 12; 708 NW2d 778 (2005).[7]

Affirmed.  Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Mark J. Cavanagh
/s/ Henry William Saad
/s/ Karen M. Fort Hood

---

[6] The record shows that plaintiff was employed at the daycare facility from either August or September 2013 until February 2014.  The first warning occurred on November 15, 2013, for leaving a child unsupervised in a room.  The second warning occurred on January 20, 2014, for attendance issues.  The third warning occurred on February 6, 2014, for failing to adhere to the company dress code.  And the final notice happened on February 12, 2014, when plaintiff's employment was terminated.  This final notice indicated that the latest violation occurred on February 11, 2014, when plaintiff improperly supervised children when she was talking on her cell phone.

[7] Plaintiff also asserts that the trial court erred when it dismissed her negligence claim against the uninsured motorist, but this Court dismissed the appeal of this claim for want of jurisdiction, *Ward v Woodruff*, unpublished order of the Court of Appeals, entered September 9, 2015 (Docket No. 328527), and therefore, this matter is not properly before us.